JOSIAH H. RUCKER and JAMES GORDON, and COLLINS & KEL-LOGG, plaintiffs in error, *vs.* DAVIS FULLER, defendant in error.

### *Agreed case from Morgan.*

To entitle a party in a *"civil action"* to a *pro rata* distribution, under the 26th section of chapter 9, of the Revised Statutes, of the proceeds of property attached, such party must obtain judgment at the term to which the attachments are returned.

If the civil action, commenced at the same term of Court as the attachments, should, for any cause, be continued, although without the fault or consent of the plaintiff in such action, he would thereby lose the right to share with the attaching creditors, in the proceeds of the attached property; and this, though the attachments should also be continued, and judgments should eventually be entered in all the causes, at the same term of the Court.

Suits commenced and made returnable to a regular term, subsequent to a special term, and before its appointment, would, under our statutory provision, become returnable to the special term; but cases which had been made returnable to a prior regular term, would still be so returnable, although continued into the special term for further action.

The agreed case, shows that Collins and Kellogg, as also Gordon and Rucker, sued out attachments against one Carlisle, re-

turnable to the September term, 1849, of the Morgan county
Circuit Court; which attachments were levied upon real and
personal estate, and under them debts were also garnisheed.
The Circuit Court to which these attachments were made re-
turnable, stood adjourned, at four of the clock in the afternoon
of the second day of the term, under the statute, in consequence
of the non-attendance of the Judge.   Afterwards, the Judge
appointed a special term of the Court, to be held on the third
Monday of November, 1849 ; during which term the attaching
creditors obtained their judgments against Carlisle.   Fuller, the
defendant in error, at the special term of the Court, also obtain-
ed a judgment against Carlisle, in assumpsit, upon a cognovit.
At the same term the Court directed, among other things, that
the proceeds of all the property attached, after the costs should
be paid, should be divided *pro rata* between the plaintiffs in the
attachment suits and the plaintiff in the suit in assumpsit.   To
this order all the parties excepted.   In the case of Fuller against
Carlisle, in assumpsit, it was agreed, that the power of attorney
authorized the confession of a judgment to Fuller, at the said
September term, or any subsequent term of said Court.   All
the judgments were entered at the same term, but the suit of
Fuller against Carlisle was not entered upon the docket until
the special term.   The cause was brought to this Court for the
purpose of settling the exceptions above stated, as to the ratea-
ble disposition of the effects attached in said attachment causes.
Cause tried before Woodson, Judge.

M. McConnel, for Rucker & Co.

David A. Smith, for Collins & Kellogg:

The decision of the question made must depend upon the
proper construction of sec. 26, title, "Attachments in the Cir-
cuit Courts," and secs. 28, 43, 50, title, "Courts," of Revised
Statutes.   1. Under sec. 26, by its very terms, in order to give
a judgment creditor, proceeding by attachment, the right to share
in the proceeds of the property attached, he must obtain his
judgment against the defendant in attachment, at the same term
to which the writ or writs of attachment may be returnable.   2.
To what term of the Court were the attachments of the plain-
tiffs in error made returnable ?   By their very terms, to the Sep-

tember term, 1849—from which they were continued, by operation of law, " until the next succeeding term." Sec. 28, title, " Courts." 3. Sec. 43, title, " Courts," provides for the appointment of special terms of the Circuit Courts for specific objects—appointments being made by order of Court, during a regular term of the Court—and process may be made returnable to the second description of special term provided for in that section, " with like effect as at a regular term." 4. We maintain that a proper construction of sec. 50, title, " Courts," does not authorize the appointment of a special term to which process *eo nomine* may be made returnable. The words at the close of said section, " and all process which may have been made returnable to the regular term, shall be deemed in law returnable to the said special term appointed as aforesaid," are properly applicable to process which may have been issued and made returnable to a regular term of the Court, to have been holden after the appointment of the special term, and does not apply to a regular term that may have been adjourned, or that has lapsed in consequence of the non-attendance of the Judge, by 4 o'clock, P. M., of the second day of the term. A suit cannot be expressly instituted to the special term provided for in this section. The Court below, in construing this section, arrived at the conclusion, that the attachment writs of the plaintiffs in error were, by operation of law, returnable to the special November term, 1849, when they were returnable to the regular September term, 1849. The claims of the defendant in error to share in the proceeds of the attached property, ought to be very strictly construed; because of the facility with which attaching creditors may be cheated out of the avails of their superior diligence, by colorable and collusive confessions of judgment by a defendant in attachment.

BROWN & YATES, for the defendant in error:

Had the judgments of Collins & Kellogg and Rucker & Co. been entered at the September term, as they would have been but for the lapse of the term, it is conceded by appellants, that all would have rightfully shared *pro rata* in the distribution of the estate of the debtor. This is good law, and consonant with the principle that equality in the payment of debts is equity. If so, can the lapse of the term, and the rendition of the judg-

ments at a special term, holden at the earliest period consistent with the official duties of the Judge, in holding other Courts, so alter the rights of the parties, as to entirely destroy and take away those of Fuller? If it can, he loses his rights without fault or negligence on his part. Fuller, by obtaining a power of attorney to confess judgment at the September term, is equally as diligent as the attaching creditors, and is entitled to equal favor. Had he placed his case upon the docket at or before the commencement of the lapsed term, the rights of the parties could not have been altered thereby. The judgments would not have been hastened thereby, nor could the final order of the Court have been different from that rendered.

In order to give plausibility to the attempt to "rob" (*a la mode* plaintiff's brief) Fuller, the Court is asked so to construe the 26th section of the attachment law as to say, that if Fuller's suit had been regularly brought and process issued to the September term, and returned duly executed, still, if, in consequence of the lapse of the term, his judgment was not entered up at the September term, but at the next succeeding term, (at which term the judgments in attachment were also rendered,) his right to a *pro rata* distribution is gone. Such construction would certainly overlook the spirit of the law, and stick in the letter. The object of the law is to equalize diligent judgment creditors, whether by attachment or otherwise, and should be liberally construed, to effect that end, and not "strictly," as contended for by appellants, to enable men who are easy to swear out writs of attachment, to "cheat" more honest and conscientious creditors out of a fair division of the effects of a common debtor.

The assumption that the special term was appointed after the lapse of the September term, is gratuitous. It does not so appear in the record. It may have been appointed before, and in favor of the judgment of the Court below. It will be so considered, if necessary to sustain the judgment. The record does not show when the term was appointed, and if before the September term, then, according to plaintiff's brief, the judgment is right. If the order appointing the special term were made after the regular term, still we contend that the judgment was right. The language of the law is exceeding broad: "All process, which may have been made returnable to the regular

term, shall be deemed in law returnable to the special term ;" and there is nothing in the facts of this case, which requires that it receive a narrow construction.

Opinion by Mr. Justice TRUMBULL :

These cases came before the Court from Morgan county, upon an agreed state of facts ; from which it appears, that writs of attachment were sued out against Carlisle, one at the suit of Rucker & Gordon, and another at the suit of Collins & Kellogg ; and both made returnable to the September term, 1849, of the Morgan Circuit Court. That Carlisle, previous to said term of Court, executed a power of attorney, authorizing the entry of judgment against him, in favor of Davis Fuller, at the September or any subsequent term of said Court. For some cause, the September term was not holden, and a special term was appointed, and held in November following; at which special term, judgments were rendered in the attachment suits, and also by confession upon the warrant of attorney in favor of Fuller ; and the Court directed that the proceeds of the property attached, be applied *pro rata* to the plaintiffs in said three suits, according to the amount of their several judgments. It is insisted by the attaching creditors, that the order allowing Fuller to share with them in the proceeds of the property attached, is erroneous. The correctness of this order depends entirely upon a statutory enactment. Sec. 26 of ch. 9, R. S., declares that, " in all cases where more than one attachment shall be issued against the same person or persons, and returned to the same term of Court to which they are returnable, or where a judgment in a civil action, which shall also be rendered at the same term against the defendant, who is the same person and defendant in the attachment or attachments, the Court shall direct the clerk to make an estimate of the several amounts each attaching or judgment creditor will be entitled to out of the property of the defendant attached, either in the hands of any garnishee or otherwise, after the sale and receipt of the proceeds thereof by the sheriff, calculating such amount in proportion to the amount of their several judgments, with costs, as the same will respectively bear to the amount of the sum received ; so that each attaching and judgment creditor will receive his just part thereof, in proportion to his respective demand." The pro-

visions of this section provide for dividing *pro rata* among attaching creditors, whose attachments are returned and returnable to the same term of Court, without regard to the time when judgments are obtained, the proceeds of the property attached. But to entitle a party in a civil action to share in such proceeds, he must obtain judgment at the term to which the attachments are returned. His commencing suit to the same term is not sufficient, but the law requires that he should obtain a judgment at that term. If, therefore, the civil action, commenced to the same term of court as the attachments, should, for any cause, be continued, although without the fault or consent of the plaintiff in such action, he would thereby lose the right to share with the attaching creditors in the proceeds of the attached property; and this though the attachments should also be continued and judgments eventually entered in all the causes at the same term of Court. In this case the judgment in favor of Fuller was not rendered at the same term of Court to which the attachments were returnable, and it was, therefore, erroneous to direct that Fuller should share *pro rata* with the attaching creditors, in the distribution of the proceeds of the attached property. It is true that it was no fault of Fuller's that the regular September term was not held; and had it been held, he could have obtained judgment, which would have stood upon the same footing as the judgments in the attachment suits.

It has been insisted that, inasmuch as the law declares that all process made returnable to a regular term, shall be deemed in law returnable to the special term when one is appointed, that therefore the writs of attachment in this case are to be regarded as returnable to the November special term. This provision of the statute has reference to process made returnable to a regular term beyond the special term. Suits commenced to a regular term subsequent to the special term, and before its appointment, would by this statutory provision become returnable to the special term, but cases which had been made returnable to a prior regular term would still be so returnable, although continued into the special term for further action.

Why the Legislature should have provided for an equitable distribution of the proceeds of attached property among creditors, whose attachments are returnable to the same term, although judgments may be entered in said attachment suits at

different terms, while a creditor in a civil suit should not be permitted to share with the attaching creditors, although his suit may have been pending at the same time with the attachments, unless he can obtain judgment at the term to which they are returnable, is not for the Courts to inquire. The whole matter is one strictly of statutory regulation; and when the Legislature has clearly declared its intention, the Courts have no power to depart from the plain language and requirement of the statute, for the purpose of establishing, as they may suppose, a more equitable rule.

The judgment of the Circuit Court, directing the proceeds of the attached property to be distributed *pro rata* to Fuller and the plaintiffs in the attachment suits, according to the amount of their several judgments, is reversed, and the cause remanded.

*Judgment reversed.*