CALVIN A. WARREN, Plaintiff in Error, *v.* THE ISCARIAN COMMUNITY, Defendants in Error.

ERROR TO HANCOCK.

Where two or more attachments are issued against a debtor, returnable to the same term, the creditors will share in the proceeds of the property attached, in proportion to their respective demands.

It is the duty of the court in such case to direct the clerk to make an estimate of the several amounts to be paid each creditor, and certify the same to the sheriff, who must make payment accordingly.

This estimate should not be made until the sheriff receives the money.

All creditors in attachments, which are returnable to the same term, are entitled to share *pro rata* in the proceeds, although they may not obtain judgments at the same term.

If property attached is sold before all the attachments are disposed of, the court should order the sheriff to retain the proceeds until an order of distribution can be made.

Where two attachments were returned to the same term, and a change of venue in one case, and a judgment at the return term in the other, and the property attached was sold under the first judgment, the sheriff might be directed to retain the proceeds derived from the sale of the attached property until the further order of the court; but the purchaser under the first sale, will hold the premises.

The fact that no order was made for the distribution of the proceeds, will not operate to the prejudice of the purchaser, under the sale upon the attachment.

If one of two attaching creditors under such circumstances, has received *too large* a share, the matter must be adjusted in a proceeding between them.

THIS cause was heard and decided before WALKER, Judge, at the October term, 1854, of the Hancock Circuit Court.

WARREN and EDMUNDS, for Plaintiff in Error.

WHEAT and GROVER, for Defendants in Error.

TREAT, C. J.   This was action of ejectment, brought by Warren against the Iscarian Community, to recover the possession of a tract of land in Hancock county.   It was heard by the court on the following state of facts :

Hunter was in possession of the premises in 1842, claiming title thereto under a deed from Foster ; and he continued in possession until the 2d of May, 1846.   On that day he sold the premises to Mosely, and conveyed the same to Mosely's wife ; and Mosely and wife went into possession under the conveyance, and subsequently transferred the possession to the defendants as their tenants.   On the 18th of May, 1848, while Mosely and wife were in possession, Hamilton conveyed the premises to Evans in trust, for Mrs. Mosely ; and on the 18th of November, 1851, by direction of Mosely and wife, Evans conveyed the premises to Kirkpatrick, who afterwards died intestate, and without issue, leaving his widow in possession ; and the defendants were in possession of the premises, as tenants of the widow, when this suit was commenced.

On the 11th of June, 1845, Olney brought a suit against Hunter and six others, in the Hancock circuit court ; and on the 31st of December following, he sued out an attachment in aid thereof, returnable to the May term, 1846, which was levied on the premises on the 6th of January, 1846.   Judgment was rendered in favor of Olney, at the May term, 1846, for $110 ; and under an execution issued thereon, the premises were sold to Hamilton on the 31st of October, 1846, and conveyed to him by the sheriff, on the 26th of March, 1848.

On the 21st of January, 1846, Hibbard commenced a suit in the Hancock circuit court against Hunter and two others ; and on the 6th of February following, he sued out an attachment in aid thereof, returnable to the ensuing May term, which was levied on the premises the day it issued.   The venue was changed to the county of Rock Island, at the October term, 1846, on the application of the defendants ; and at the September term, 1847, of the Rock Island circuit court, Hibbard recovered judgment for $654.   Execution issued thereon in August, 1848, directed to the sheriff of Hancock county, under which the premises were sold to Kimball on the 23d of Septem-

ber thereafter, and conveyed by the sheriff to the plaintiff in this suit, as the assignee of the purchaser, on the 31st of November, 1852.

On the foregoing evidence, the court found the issue in favor of the defendants, and rendered judgment accordingly.

Where two or more attachments are issued against the same debtor, and made returnable to the same term of the court, the attaching creditors are entitled to share in the proceeds of the property attached, in the proportion of their respective demands. It is the duty of the court, in such case, to direct the clerk to make an estimate of the several amounts that the attaching creditors will be entitled to receive out of the proceeds of the estate attached, and certify the same to the sheriff, who must make payment accordingly.      Rev. Stat. Chap.· 9, Sec. 26.    This estimate is not to be made until the property is sold, and the money is received by the sheriff.      *Stahl* v. *Webster*, 11 Ill. 511.    All of the creditors who sue out attachments, returnable to the same term of court, are entitled to participate in the distribution of the proceeds, although they may not obtain judgment at the same time.    *Rucker* v. *Fuller*, 11 Ill. 223.    The statute puts all such creditors upon equal footing. It makes the estate attached, a common fund for the payment of their debts.    The proceeds are not to be distributed until all of the attachment suits are determined, for the aggregate amount of the indebtedness cannot be previously ascertained. If the property is sold before all of the attachments are dis- . posed of, the court may properly instruct the sheriff to retain the proceeds until an order of distribution can be made.

In the present case, both attachments were issued against the estate of the same debtor, and made returnable to the same term of the court.    Olney obtained judgment at the return term, and the venue in the other case was changed to another county. The attached property was sold under Olney's judgment, long before any judgment was recovered by Hibbard.    No order of distribution could have been made at the time of the sale, for it could not then be known that Hibbard would succeed in obtaining judgment.    The sheriff might, properly, have been directed to withhold the proceeds until the further order of the court. The result showed that Hibbard was entitled, equally with Olney, to participate in the proceeds of the sale.    But this is · not between the attaching creditors.    It is a contract between the different purchasers under the judgments.    In our opinion, the purchaser, at the first sale, is entitled to hold the premises. He acquired all the interest that Hunter had therein, on the 6th of January, 1846.    The execution authorized the sheriff to sell that interest, and it was not the business of the purchaser to

look to the application of the purchase money. The sale was of the entire estate of the debtor in the premises, and not of any particular part of that estate. It was made for the benefit of both the attaching creditors, and not for the benefit of Olney only. The common security was thereby converted into money. The mere fact that no order was made for the distribution of the proceeds, should not operate to the prejudice of the purchaser. If one of the attaching creditors has obtained more than his share of the fund, the matter must be adjusted in a proceeding between them.

The judgment must be affirmed.

*Judgment affirmed.*