## JOHN BUCHTER

*v.*

## EDWARD C. DEW, for the use of SCHULENBERG & BOECHLER.

1. MECHANIC'S LIEN—*pro rata distribution among several creditors.* Where several creditors recover judgments at the same term of court, in proceedings under the mechanic's lien law, they are to be paid *pro rata* out of the proceeds of a sale of the property subject to the liens.

2. PARTIES—*who may sue where one creditor receives more than his pro rata share.* If one of the creditors in such case receives from the sheriff who made the sale, more than his *pro rata* share of the proceeds, the other creditors may have a right to sue for the excess, but the suit cannot be brought in the name of the sheriff.

WRIT OF ERROR to the Circuit Court of Clinton County; the Hon. SILAS L. BRYAN, Judge, presiding.

Several creditors of Melcher Zimmerman and John J. Miller recovered judgments against them in the court below, on the same day, in proceedings instituted under the law in relation to mechanics' liens. John Buchter, one of these creditors, recovered a judgment for the sum of $289.42; Schulenberg and Boechler for $255.57, and John Bichert for $86.54. An execution, which was issued upon the judgment in favor of Buchter, came to the hands of the sheriff, who sold the property, and realized from the sale the sum of $325, out of which he paid to the plaintiff in the execution, Buchter, the whole amount of his judgment.

Subsequently, an action of assumpsit was commenced against Buchter, in the name of Edward C. Dew, the sheriff who made

the sale, for the use of Schulenberg and Boechler, to recover their proportion of the excess which Buchter had received of the proceeds of the sale of the property, over and above his *pro rata* share thereof. Dew, the sheriff, recovered in that action the sum of $129.62. Buchter thereupon sued out this writ of error.

The questions arising on the record are, first, whether the several creditors in the proceedings to enforce the mechanics' liens, were entitled to a *pro rata* distribution of the proceeds of the sale; and, second, if they were entitled to such distribution, whether the sheriff, who paid over the money, was the proper person to sue for the recovery of the excess which Buchter had received over and above his *pro rata* share of the proceeds.

Mr. W. H. UNDERWOOD and Mr. J. D. MANNERS, for the plaintiff in error, contended that if Buchter was entitled to only a *pro rata* proportion of the proceeds of the sale, under his judgment, the excess which he received was to the use of the sheriff, Dew.

The counsel said there was no proof of the amount of prior incumbrances on the land, and the other two judgments could be satisfied by general executions against other property. 2 Purp. Stat. 727, § 26.

The court might have directed, as a part of each judgment, that the proceeds of the sale of the property should have been applied on the several judgments, but it did not do so. 2 Purp. Stat. 725, § 12; *Chandler* v. *Mullanphy*, 2 Gilm. 464.

The creditors had equal liens who obtained judgments at the same term. 2 Purp. Stat. 725, § 11. And Buchter, having been the most vigilant in proceeding to execution and sale, was entitled to a preference. The court below could not have been referred to *Smith* v. *Lind*, 29 Ill. 28, 30, 31, or any of the authorities therein cited.

Mr. W. STOKER, for the defendant in error.

The plaintiff by the judgment on which sale was made only had a right by law to a *pro rata* share of proceeds of sale. Rev. Stat. (Scates' Comp.) 158, § 12.

The sale on the execution was made by the defendant, Dew, as sheriff, for the benefit of the three judgment creditors, the judgment being for specific lien of mechanics and of same term of court and for the sale of specific property. *Warren* v. *Iscarian Community*, 16 Ill. 116, 117.

The common security was, by the sale, converted into money, and the whole fund placed in hands of the plaintiff in error by Dew, who made the sale for the benefit of all the judgment creditors, he being by law the legal custodian. *Warren* v. *Iscarian Community*, 16 Ill. 117.

The case referred to by plaintiff in 29 Ill. is not applicable, the judgments there being general judgments creating no specific lien on property sold as we think.

It is too late now, for the first time, to question the right of Dew to bring this suit for the use of Schulenberg & Boeckler. The objection to the form of the action must be taken advantage of in the Circuit Court. *Ransom* v. *Jones*, 1 Scam. 292.

The party having the legal right to the debt should have the necessary power to use the form necessary to recover the debt. 1 Scam. 293.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The facts in this record clearly show that, whatever may be the rights of the other judgment creditors, under the mechanics' lien law, to a *pro rata* share of the proceeds derived from a sale of the premises by the sheriff, the sheriff himself has no right. It appears the sheriff, in this case, paid over to the plaintiff in error the full amount of the judgment he had recovered at the same term of court with other creditors who were then prosecuting their liens, whereas, under the statute, these judgment creditors were to be paid *pro rata* out of the proceeds. It is, in principle, like the case of several attachment suits pending in favor of different plaintiffs against the same defendant, and where property has been attached. They are to be paid *pro rata* out of the proceeds of the sale of the property. It was held by this court in such a case, if one

of the attaching creditors obtains more than his share of the fund, the matter must be adjusted in a proceeding between the creditors, clearly implying that the sheriff who sold the property could not sue for the overplus. *Warren* v. *Iscarian Community*, 16 Ill. 114.

We cannot see what legal or equitable right the sheriff who sold the property has to recover the excess the plaintiff in error has received over and above his *pro rata* share of its proceeds. The other creditors may have a right to sue for it, but not the sheriff. It is not his money.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*