MALONEY *v.* GRIMES.

ATTACHMENT — *distributing proceeds of attached* property among creditors.
The twenty-sixth section of the attachment act provides for *pro rata* dis-

tribution of the proceeds of attached property among creditors who have sued out writs returnable, and returned to the same term of court.

*Where several creditors* attached the same property, under writs returnable to different terms of court, the rule of precedence, as modified by statute, requires that they should be classified with reference to the terms of court to which their writs are returnable, and gives preference to the several classes according to priority of service.

If property is attached in several contemporaneous proceedings, whether commenced to the same term or to different terms, and whether the property be sold under process issued in one or all of the suits, the proceeds of the property should be distributed among the several creditors according to the foregoing rules.

SALE OF ATTACHED PROPERTY — *effect of, upon contemporaneous liens.* Where several attachment writs were commenced to different terms of court, and all the suits were levied upon the same property, and all the suits were pending at the same time, and the property was sold under judgments obtained in the suits first commenced : *Held,* that all the creditors were entitled to share in the proceeds of the sale, and the liens of the several attachments upon the attached property were divested by the sale.

SALE OF PROPERTY *upon redemption by judgment creditor does not inure to the benefit of other creditors.* An attaching creditor, having obtained judgment redeemed from a sale made under a judgment obtained in another attachment suit, and caused the premises to be re-sold pursuant to sections 14 and 15, chapter 48, Revised Statutes : *Held,* that other creditors, who had commenced suit by attachment to the same term with the redeeming creditor, were not entitled to share in the proceeds of such re-sale.

## *Appeal from District Court, Gilpin County.*

AN agreed case was submitted to the district court as follows :

" Previous to April term, A. D. 1867, of said court two writs of attachment were issued in favor of Woodbury & Co. and John Tierney, respectively, against the Mammoth Gold Mining Co. of Colorado, both returnable and returned to said term, and both levied upon certain real estate of said corporation.    At July term, 1867, judgment was rendered in favor of plaintiffs in each of these causes.

" September 30, 1867, the premises attached were sold upon special execution issued on these two judgments, and Woodbury and Co. became the purchasers.    All these proceedings were regular.    Previous to July term, A. D. 1867, divers writs of attachment issued against the same Mam-

moth Gold Mining Co., one in favor of Wm. Moller and one in favor of said Dennis Maloney, all returnable to the July term of said court, 1867, all of which were returned to that term levied upon the said real estate before attached at suit of Woodbury & Co. and Tierney. The writ issued in favor of Moller was served upon the agent of the corporation defendant, that in favor of the appellant was returned 'not found' and service by publication was made.

"At the October term of court Moller recovered judgment for $39,485.36 damages and Maloney for $205 damages; said judgments still are in full force and unsatisfied. March 30, 1868, the time allowed to the said Mammoth Gold Mining Co. to redeem the lands sold under the executions of Woodbury & Co. and Tierney from such sale having expired, and no such redemption having been made, Moller sued out his special execution upon his judgment and redeemed the premises and afterward procured the appellee to sell the premises on his aforesaid execution. All these proceedings were regular. At the sale on Moller's execution, the premises were sold for the sum of $20,000, of which, after deducting $2,520, paid by Moller to redeem from such prior sale, and the costs on the execution, there remains in the hands of said sheriff the sum of $17,121.93. That it shall be submitted to the district court to determine whether said sum of $17,121.93 ought to be paid by the sheriff to Moller upon and in satisfaction of his execution, or whether the whole sum of $20,000, after deducting the redemption-money paid by Moller, ought to be distributed among all the creditors of the corporation, who recovered judgments against said corporation in actions commenced by writs of attachment, returned and returnable to the July term, 1867, of said court. Either party may appeal from any final order made by the district court in pursuance of this stipulation to the supreme court without filing bond, and the supreme court may determine the same questions," etc.

June 26, 1868, appellant applied to the district court for a rule on the clerk to make assessment of the amount due him out of the moneys in the hands of the sheriff, as

appears by the stipulation heretofore filed, and that the sheriff, defendant, etc., be required to pay to him the amount so assessed. This motion was denied, and the sheriff was ordered to pay the moneys in his hands to Moller.

Mr. E. T. WELLS, for appellant.

Messrs. JOHNSON & TELLER, for appellee.

HALLETT, C. J.  Appellant's claim to share in the fund in the hands of appellee is based upon the twenty-sixth section of the attachment act. Laws of 1861, p. 210. That section provides for *pro rata* distribution of the proceeds of attached property among creditors who have sued out writs returnable and returned to the same term of court, and levied the same upon such property. It will be observed that this section extends to cases in which the writs are returnable and returned to the same term of court, thus leaving the cases in which the writs are not so returnable to the operation of the general rule, which is, that creditors are entitled to satisfaction out of the proceeds of attached property in the order in point of time in which their writs are levied. Drake on Attachment (2d. ed.), § 231. The effect of the section is to place upon an equal footing all attaching creditors who come into court at the same term ; but no provision is made respecting cases in which the writs are returnable to different terms. When several creditors attach the same property under writs returnable to different terms of court, the rule of precedence, as modified by the statute, requires that they should be classified with reference to the terms of court to which their writs are returnable, and gives preference to the several classes according to priority of service. In this view while the creditors, Woodbury and Tierney, who sued at the April term, 1867, of the district court, were upon an equal footing, their lien upon the property attached was superior to the lien of those creditors, of whom appellant was one, who sued at the July term, 1867, of the court. All the creditors, however, attached the same property, and

all of them were entitled to satisfaction out of it, if the proceeds should be sufficient to pay all. In this state of law and fact we plainly see what were the rights of the several creditors respecting the fund realized from the sale of the attached property. In the State of Illinois, under a similar statute, it is the practice to hold the proceeds of attached property for distribution among the creditors according to their several rights. *Warren* v. *Iscarian Community*, 16 Ill. 114. This seems to be a convenient if not necessary rule, saving the expense of numerous sales, preventing confusion of title as to the property sold, and securing to creditors a just distribution of the fund. Under this rule it is not material whether attached property is sold under process issued in one or another or all of several contemporaneous attachment proceedings, the effect of the sale being to transfer the lien of the attachments from the property to the fund obtained therefrom. However the sale may be made, when the money is brought into court it will be applied to the payment of the several judgments, according to the rule of preference and distribution to which I have referred. Here then were several attachment suits commenced to the April and July terms of court, in the year 1867, the writs being levied upon the same property, and all of the suits pending at the same time. The property was sold, and, as we have seen, all of the creditors, including Moller and the appellant, whose suits were pending contemporaneously, were entitled to share in the proceeds. Woodbury and Tierney were upon equal terms, but, in virtue of the prior service of their writs, they were entitled to be first paid in full. Moller, the appellant and the other creditors who sued at the July term of court, were upon equal terms, but having brought their suits to a term of court, subsequent to a term at which Woodbury and Tierney sued, their liens were subordinate to the liens of the creditors last named.

By the sale of the property the proceedings became fruitful, and the remedy which the creditors sought was obtained. The right to participate in the proceeds of the attached prop-

erty was then' enjoyed by the appellant, if any thing remained after paying the Woodbury and Tierney judgments, and if nothing was received by him it was because the proceeds were not greater than the sum of the Woodbury and Tierney judgments, and not from any defect in the law. It matters not that the property was sold upon execution issued upon the judgments of Woodbury and Tierney, the other suits were pending at the time of sale, and all were entitled to participate in the proceeds, giving to each his due share and preference as fixed by law. The appellant, having once enjoyed the right to share in the proceeds of the attached property, cannot again claim that right. With the sale of the property and the distribution of the fund, the attachment proceedings as such ended. If the appellant obtained judgment *in personam*, he may collect it in any way known to the law, but his right so to proceed is secured by the judgment rather than the attachment. Probably one who has obtained judgment *in rem* may redeem the property affected by his judgment from another sale, but if so, the right is secured to him as a judgment creditor, not by the attachment as such. But it is not necessary to decide this point, inasmuch as no question is made touching the regularity of Moller's proceedings, and we are now only concerned with the distribution of the funds received from the sale of the property under his execution.

It appears to be unnecessary to advert to the doctrine often recognized by the supreme court of the State of Illinois, that a redeeming creditor, or the purchaser at the sale made after redemption, is subrogated to the rights of the first purchaser. *McLagan* v. *Brown*, 11 Ill. 519 ; *Johnson et al.* v. *Baker*, 38 id. 98 ; *Blair et al.* v. *Chamberlain et al.*, 39 id. 521 ; *Massey* v. *Westcott et al.*, 40 id. 160.

It is difficult to harmonize *Turney et al.* v. *Young*, 22 Ill. 255, with the foregoing cases, but if it is opposed to them it must be regarded as overruled by later decisions. If, according to this doctrine, the purchaser at the sale after redemption acquired a right beginning with the sale under the Woodbury and Tierney judgments, certainly the right

of the appellant to satisfaction from the property was extinguished by the sale last mentioned. In conclusion, it is well to notice that the statute under which the creditor Moller redeemed, and upon which his claim to the money obtained upon sale of the property under his execution is founded (Laws 1861, p. 267, § 15), is not at all ambiguous. The right to redeem is given to "any judgment creditor," without reference to the character of his judgment or the manner in which it was obtained, and whether it is or is not a lien upon the estate to be redeemed. The sole qualification necessary to the right of redeeming is, that the party claiming such right shall be the judgment creditor of the debtor who owned the estate which he seeks to redeem. It is also declared that if the property redeemed shall sell for more than the redemption money and interest, "the excess, over and above the amount of the same, shall be applied as a credit on the execution under which the redemption shall have been made."

If in any case it should be adjudged that there was a charge upon the estate redeemed under this plain declaration of the statute, it is doubtful whether the money obtained by sale after redemption could be applied to the satisfaction of such charge. I am inclined to think that the law holds out to every judgment creditor the inducement to redeem, that he shall have in satisfaction of his judgment whatever he can obtain over and above the amount of his disbursements upon another sale of the property. But as before stated, appellant's right to satisfy his judgment out of the property attached by him arose and was enjoyed upon the first sale thereof and cannot be asserted again.

Therefore the judgment of the district court is affirmed.

*Affirmed.*