3   413
2a  506

---

CLAFLIN et al. *v.* DOGGETT et al.

1. Where two attaching creditors are, under the statute, entitled to share *pro rata*, the fact that the property attached is sold under execution issued in one case only, does not affect the right of the creditor not ordering execution. The effect of the sale is merely to transfer the attachment lien from the property to the fund.

2. An order of distribution made by the court is final as between attaching creditors until set aside or reversed, and its legal effect is to give each creditor the exclusive right to the amount adjudged to him.

3. When a sheriff collects money on execution in attachments and the several creditors are entitled to share the proceeds *pro rata* under an order of distribution, and the sheriff, without authority, pays the money to the clerk of the court, and is afterward sued by one of the creditors for the amount, and judgment obtained, which is collected by the sheriff's successor· *Held,* that the creditors, under the order of distribution, were entitled to share this fund, and that a bill in equity would lie to compel the distribution; and also *held,* that the ex-sheriff and the clerk were not necessary parties to the bill, and that in such case a court of equity is not ousted of jurisdiction because an action would lie for money had and received.

*Error to District Court of Gilpin County.*

THE case is stated in the opinion.

Messrs. H. M. & W. TELLER, for plaintiffs in error.

Mr. ALVIN MARSH, for defendants in error.

ELBERT, J.   At the May term, A. D. 1871, of the district court for the county of Gilpin, Claflin, Allen & Co. recovered in attachment a judgment against Deitman Schneider.   At the same term Doggett, Bassett & Hills also recovered a judgment in attachment against the same defendant.   The writ of attachment in each case was levied on the same property.   By an agreement of counsel, and for the purpose of saving costs, execution issued only in the case of Doggett, Bassett & Hills, and the property attached was sold thereunder.   The proceeds of the sale amounted to $1,035.79.   The court ordered this fund distributed *pro rata* between the two attaching creditors.   The clerk made the estimates and certified them to the sheriff.   Under this order of distribution, Claflin, Allen & Co. were entitled to the sum of $548.91, and Doggett, Bassett & Hills, to $400.38. Upon presentation of the certificate of distribution, the sheriff refused to pay, claiming that he had before paid the money to the clerk of the court.   Subsequently Doggett, Bassett & Hills brought suit against the .sheriff and his bondsmen for the full amount of the moneys collected by the sheriff, by sale of the goods attached in the two suits. In this suit they recovered the full amount of the sum col-

lected by the sheriff, with interest, amounting to $1,160, and costs of suit. Upon this judgment an execution issued April 11th, 1876, and the above amount, with costs of suit, were collected by the then sheriff, the defendant, Buffington.

This was a bill filed by Claflin, Allen & Co., claiming the right to participate in the proceeds of this last judgment, under the order of distribution made in the attachment suits, and seeking to enjoin the sheriff Buffington from paying the proceeds to defendants, Doggett, Bassett & Hills.

To this bill, defendants interposed a demurrer, which was sustained by the court below and the bill dismissed. The demurrer raises three objections:

1. Want of equity in the bill.
2. Want of proper parties.
3. Adequate remedy at law.

The two attaching creditors were entitled, under the statute, to share in the funds *pro rata.* That the property was sold on an execution issued upon the judgment of Doggett, Bassett & Hills alone did not affect the right of Claflin, Allen & Co. to participate in the proceeds of the sale. The effect of the sale was to transfer the lien of the attachments from the property to the fund. *Maloney* v. *Grimes*, 1 Col. 112.

The order of distribution made by the court respecting the fund was final as between the attaching creditors before the court, until set aside or reversed. Rorer on Jud. Sales, 1143–4, and cases there cited.

The legal effect of the order was to give to each attaching firm the right to demand and receive from the sheriff the sum adjudged to it. This right was exclusive. Had either demanded and received from the sheriff a greater amount than the sum so adjudged, the other could have recovered. *Warren* v. *Iscarian Community*, 16 Ill. 114.

The proceeds of the judgment obtained by Doggett, Bassett & Hills, against the sheriff and his sureties, represent this original fund ordered distributed. The default of the

sheriff in not paying over this fund was the basis of the recovery. In that proceeding Doggett, Bassett & Hills recovered not only for what of the fund had been adjudged them, but that which had been adjudged to Claflin, Allen & Co., and which Claflin, Allen & Co., alone, were entitled to demand. Had the sheriff and his sureties plead and proven the order of distribution, there can be no doubt but it would have been a good defense *pro tanto*. That the defense was not interposed cannot affect the right of Claflin, Allen & Co., as against the defendants. The defendants do not properly invoke the maxim that "the law favors the diligent." Upon the order of distribution the rights of the attaching firms, as between themselves, touching this fund, became settled, and no rule of diligence was necessary for their protection. Each was at liberty to press the sheriff for payment or not, as it should see fit. Their failure to pursue their claim would in nowise entitle the other creditor to appropriate it. In such a case, if the proceeds collected amounted to less than the original fund, then the rule of diligence might control the distribution, and the defendants be called upon to account only for what they had recovered in excess of their distributive claim and interest.

In this case the complainants are entitled to recover the amount due them under the order of distribution, with interest, subject to the right of the defendants to be reimbursed an equitable proportion of their expenses in prosecuting their suit against the sheriff and his bondsmen.

The ex-sheriff and the clerk Salsbury were not necessary parties to the suit.

That an action for money had and received would lie, does not oust a court of equity of its jurisdiction. Story's Eq. Jur., § 1256.

The court erred in sustaining the demurrer and dismissing the bill.

The decree of the court below is reversed with costs, and the cause remanded for further proceedings according to law.

　　　　　　　　　　　　　　　　　　*Reversed.*