## DANIELS *et al. v.* LEWIS *et al.*

(*Supreme Court of Colorado, May 15th, 1884—Appeal from the District Court of Arapahoe County.*)

CODE CONSTRUCTION—PRORATE IN ATTACHMENT. A liberal construction must be given to the provisions of the Civil Code, to the end that the legislative intent may be made effectual. Under section 116, the proceeds of attached property may be prorated between the creditors therein specified—the words "returned to the same term of the Court to which they are returnable," being interpreted to mean and apply to all writs of attachment which are in fact returned to, at, or during the same term of Court at or during which they may be properly returned.

STONE, J. The question presented in this case is, whether attaching creditors, under our statute upon the subject, where more than one such creditor proceed against the same debtor, are entitled to satisfaction of their judgments according to priority, in point of time, of the service of their writs, or to distribution of the proceeds of the property attached, in proportion to the respective amounts of their several judgments. The provisions of the statute, under which the question arises, are contained in section 116 of the Code of Civil Procedure. So much of said section as is pertinent to this controversy, is as follows, viz.:

"In all cases where more than one attachment shall be issued against the same person, or persons, and returned to the same term of Court to which they are returnable, or when a judgment in a civil action shall also be rendered at the same term against the defendant who is the same person and defendant in the attachment or attachments, the Court shall direct the clerk to make an estimate of the several amounts each attaching or judgment creditor will be entitled to, out of the property of the defendant attached, either in the hands of the garnishee or otherwise, after the sale and receipt of the proceeds thereof by the sheriff, calculating such amount in proportion to the amount of their several judgments, with costs, as the same will respectively bear to the amount of the sum received, so that each attaching and judgment creditor will receive his just part thereof, in proportion to his demand; the clerk shall thereupon certify the several amounts thereof to

the sheriff, who shall pay over to the respective parties the several sums so certified, and endorse such payments on the respective executions."     *     *     *

This provision was first enacted by the Territorial Legislature in 1861, copied from a like statute of the State of Illinois, and remained upon our statute books until the adoption of the Code of Civil Procedure, when it was repealed along with the old practice acts, but at the same time re-enacted as section 116 of the said Code.

The question involved is one of construction of the statute above quoted in view of our present practice act, the point being made by plaintiffs in error, that since the Civil Code has changed the practice in respect to the return of process, the section in controversy is no longer applicable and cannot be made to conform to the present system of practice touching the issuance and return of process.

Under our former practice, before the adoption of the Civil Code, the same construction was put upon this section by our Courts as had been given it by the Courts of Illinois, from which State we adopted it, together with our general practice act, which made the writ of summons in ordinary civil actions returnable on the first day of the next term of the Court in which the action was commenced, (R. S., p. 500, Sec. 1.) while, under our present practice as established by the Code of Civil Procedure, such writs are not made returnable on a day certain of a particular term. While the practice in this respect was thus changed by the Code, there can be no question, that the Legislature, by incorporating this provision of the old attachment act into the new, intended to continue the system of prorating the proceeds in attachment cases among creditors as under the former practice in such cases. This being the unquestioned legislative intent, we should seek to give effect to such intent if possible. And it may aid somewhat in construing the section so as to effectuate this intent, if we bear in mind that the change in the practice respecting the return of process, swept away the former construction of the provision in question, so that it now stands just as though it were a new provision, originally enacted as a part of, and to be construed in connection with the new system of practice. We cannot give to the word "returnable" the same technical

meaning it had under the former practice, where it was refer-
able to a specific "return day," but there does not appear to
be an insuperable difficulty in giving it a meaning properly
conformable to the intent and requirements of the existing
practice act.   Sections 445 and 446 of the Code, declare that
"the provisions of this act shall be liberally construed, and
shall not be limited by any rules of strict construction;" and
"the rule of the common law, that statutes in derogation thereof
are to be strictly construed, has no application to this Code.
Its provisions, and all proceedings under it, shall be liberally
construed with a view to promote its object, and assist the par-
ties in obtaining justice."   We think the case before us is one
wherein the foregoing rules of construction, prescribed by the
Code for its own interpretation, are peculiarly applicable.   As
was said by the Court below in this case:   "The object of the
statute manifestly is, and always has been, that creditors pur-
suing the same debtor by attachment, should      *      *      *
under certain conditions and limitations as to time, prorate
in the proceeds of the property attached.   Time, under the old
system, as well as under the new, was the essential condition
and limitation.   The returnability of the attachment writs
and their actual return, served to limit the time as to the at-
taching creditors, but creditors in ordinary civil actions who
obtained judgments against the same debtor at the proper
term, were allowed to prorate without reference to the returna-
bility of their writs, and even if their judgments were rendered
without summons at all, as by confession or voluntary ap-
pearance."

Mr. Webster defines the word " returnable," to mean, "1.
Capable of being returned.   2. (Law) Legally required to be
returned,      *      *      *      as a writ, returnable at a certain
day ; a verdict returnable to the Court."

Under the present as well as the former practice, writs are
required to be returned, and are returnable to the Court issu-
ing the same, and when they are capable of being properly
returned after service, at or during a term of Court, and are
in fact so returned, that would seem to be a substantial com-
pliance with the conditions of the section under consideration,
for, if a writ is properly returned at or during a term of Court,
we think, under the liberal construction which, by the require-

ments of the Code, is to be given its provisions when necessary to effectuate them, such writ should be regarded as returnable to that term.

It was suggested in argument that under this construction of the statute, the rights of creditors in many cases would not be secured. This may be true, but that it was also true under the former practice, is abundantly illustrated in the experience of almost every Court where that practice prevailed. Several instances of these defects in the application of this statute under the former practice are pointed out in the opinions of the Supreme Court of Illinois, where questions arising upon the proper construction of the law were passed upon. In the case of *Rucker et al.* v. *Fuller*, 11 Ill., 223, Mr. Justice Trumbull, in delivering the opinion of the Court, says: "Why the Legislature should have provided for an equitable distribution of the proceeds of attached property among creditors, whose attachments are returnable to the same term, although the judgments may be entered in said attachment suits at different terms, while a creditor in a civil suit should not be permitted to share with the attaching creditors, although his suit may have been pending at the same time with the attachments, unless he can obtain judgment at the term to which they are returnable, is not for the Court to inquire. The whole matter is one strictly of statutory regulation, and when the Legislature has clearly declared its intention, the Courts have no power to depart from the plain language and requirements of the statute for the purpose of establishing, as they may suppose, a more equitable rule." Many other of the Illinois cases present illustrations of the difficulty in making the law, under the old practice, cover every case which claimed the same remedy, where some fell short of its arbitrary provisions. That our present statute, considered with respect to the present practice, is imperfect and bungling, must be conceded, and that the defects may, as far as possible, be amended by the next Legislative Assembly, is to be hoped. It is no easy matter to devise a law which will measure out exact justice, and provide for an equitable adjustment of the claims and rights of creditors when pursuing a common and often insolvent debtor. Mechanics lien laws, bankruptcy acts, and other like statutes, as well as attachment laws, furnish ample proofs of the difficulty

in justly framing and applying such laws. The inequities and hardships arising out of the law itself and its judicial admin- istration, are matters that appeal to the Legislature and not, as a rule, to the Courts for relief. Questions may arise, which we are not called upon to anticipate or decide in the case now be- fore us; but considering this case alone, we think the prorate provisions of the statute can be made operative under our Code practice, upon the construction of the language we are inclined to adopt, and we therefore hold, as was held by the Court below, that in this and other similar cases, the words " returned to the same term of the Court to which they are returnable," should be interpreted to mean and to apply to all writs of attachment which are in fact returned to, at, or during the same term of Court at or during which they may properly be returned after service according to law; and the judgment of the District Court is accordingly affirmed.

*Judgment affirmed.*

*Benedict & Phelps*, for appellants.
*John L. Jerome*, for appellees.