## BRADY ET AL. v. FARWELL ET AL.

1. Writs of attachment are not, technically speaking, returnable to any term of court.
2. Section 118 of the Code of Procedure does not require a prorate distribution among judgment and attaching creditors of property that has been subjected to executions upon judgments rendered in civil actions at the same term of court during which the attachments were issued and levied, but prior to the issue and levy of the attachments.
3. Sections 108 and 109 of the code explicitly recognize the priority of executions issued upon judgments recovered previous to the issuing of writs of attachment.

*Error to County Court of Jefferson County.*

THE facts are stated in the opinion.

Mr. A. H. DE FRANCE, for plaintiffs in error.

Messrs. JOSEPH MANN and W. A. DIER, for defendants in error.

BECK, C. J.   This controversy grows out of the different views entertained by the parties and their counsel as to the meaning and effect of the provision of the Code of Civil Procedure upon the subject of attachments.

Each of the several parties who appear as plaintiffs in error obtained judgments by confession against one James S. Baird, at the September term, 1884, of the county court of Jefferson county.   Executions were immediately issued upon their respective judgments, and levied by the sheriff of said county upon a stock of goods belonging to the defendant Baird.

After the levies had been made, and while the goods were in possession of the sheriff, the several parties defendants in error sued out writs of attachment and caused them to be levied upon the same stock of goods. Judgments in the attachment proceedings were likewise rendered at the same term of court.

The question presented for our opinion is, whether all said judgments shall prorate in the distribution of the proceeds of said property, or whether the judgments by confession have priority.

The court below ruled that all of the judgments having been rendered at the same term of court, all were entitled to prorate, under section 118 of the Code of Civil Procedure, revision of 1883.

The section referred to provides as follows: "In all cases where more than one attachment shall be issued against the same person or persons, and returned to the same term of the court to which they are returnable, or

when a judgment in a civil action shall also be rendered at the same term against the defendant who is the same person and defendant in the attachment or attachments, the court shall direct the clerk to make an estimate of the several amounts each attaching or judgment creditor will be entitled to, out of the property of the defendant attached, either in the hands of the garnishee or otherwise, after the sale and receipt of the proceeds thereof by the sheriff, calculating such amount in proportion to the amount of their several judgments, with costs, as the same will respectively bear to the amount of the sum received, so that each attaching and judgment creditor will receive his just part thereof in proportion to his demand," etc.

Two classes of creditors are named in the above section who are entitled, under the circumstances specified, to share in the distribution of the proceeds of a debtor's property: First. Those causing writs of attachment to be issued and levied thereon. Second. Those obtaining judgments in civil actions at the same term of court to which the writs of attachment are returnable.

The term "civil action," as the same is defined in the code, includes both classes; but the evident intention is to place a creditor who proceeds to judgment in the ordinary mode, without resorting to the process of attachment, upon the same standing as those who have attached the debtor's property, provided he obtains judgment at the same term of court to which the writs of attachment are returnable.

Writs of attachment are not, technically speaking, returnable to any term of court, but in *Daniels v. Lewis,* 7 Colo. 430, we held the expression "returned to the same term of the court to which they are returnable," to mean, returned at or during the term at which the writs may properly be returned after service thereof.

The question here presented is, Does section 118 require a prorate distribution among judgment and attaching

creditors of property that has been subjected to executions upon judgments rendered in civil actions at the same term of court during which the attachments were issued and levied, but prior to the issue and levy of the attachment?

At first view we were inclined to answer the question in the affirmative, but a careful examination of the subject has developed unanswerable objections to this interpretation. If section 118 stood alone and could properly be construed without reference to other sections of the same chapter, such a construction might be sustained. Other sections, however, bear upon the question, and must be considered and harmonized with the section mentioned. It must be borne in mind, also, that chapter VI of the code, in which the several sections occur, does not purport to treat of judgments and executions, but the subject of the entire chapter is *attachments*.

Section 108 requires the sheriff to retain the property attached by him, and the proceeds of perishable property which he is required to sell, "to answer any judgment that may be recovered in the action, unless sooner subjected to execution upon another judgment recovered previous to the issuing of the attachment."

Section 109 provides: "If judgment be recovered by the plaintiff, the sheriff shall satisfy the same out of the property attached by him, which has not been delivered to the defendant, or claimed as hereinbefore provided, or subjected to execution on another judgment recovered previous to the issuing of the attachment, if it be sufficient for that purpose."

The language of these two sections is clear and explicit. They recognize the priority of executions issued upon judgments recovered previous to the issuing of writs of attachment. The language is general, as if intended to cover all cases. It does not specify judgments recovered prior to a term of court at which attachments are issued as those only having priority over writs of attachment,

but *judgments recovered previous to the issuing of the attachments.*

If section 118 prescribed a different rule as to the priority of executions issued upon judgments in civil actions from that recognized in sections 108 and 109, there would be force in the suggestion of counsel for defendants in error that such a construction ought to be adopted as would harmonize all portions of the chapter. To that end, it might be said that the prior sections must refer to judgments recovered before the term of court at which the attachments issue. No different rule, however, is prescribed by said section. There is no conflict or inconsistency to harmonize.

Section 118 makes no mention of a judgment in a civil action previously recovered, nor any mention of property which has been subjected to execution on such a judgment. It contains no language capable of being construed to mean that property which has been subjected to execution shall prorate with writs of attachment subsequently issued at the same term of court at which the judgment was rendered on which the execution issued. Some provision of this import would seem absolutely necessary to modify the plain directions of the preceding sections.

True, the section provides that the proceeds of the debtor's property shall be distributed to each attaching and judgment creditor in proportion to his demand; but it is "the property of the defendant attached," the proceeds of which are to be so distributed, and then only, "*when a judgment in a civil action shall also be rendered at the same term.*"

As before stated, the subject-matter of the chapter is *attachments;* in what cases the writs may issue; what property is subject to attachment; the mode of procedure; under what circumstances the proceeds of attached property shall be equitably distributed among the attaching creditors, mentioning in this connection, as though

incidentally, that when a judgment in a civil action shall *also* be rendered at the same term of court, it shall share in the distribution. There is no requirement that such judgments shall prorate with each other under any circumstances, or that there shall be any equitable distribution except in attachment proceedings.

There is no evidence of an intention in any portion of the chapter to change the law governing judgments and executions in ordinary actions, or to interfere with the priority of lien which may be acquired on personal property by the issue and levy of an execution. This priority, on the contrary, is preserved by the specific provision cited. The force and effect of an ordinary judgment is, in fact, extended, under certain circumstances, by requiring an equitable proportion of the proceeds of attached property to be applied toward its satisfaction, where no priority or lien exists in its favor.

It is conceded that section 118 was copied originally from the statutes of Illinois, and we are told that it is proper to look to that state for the rule of construction. The construction of this section in that state was the same which we have given it. Only property which had been seized upon writs of attachment prorated with judgments in civil actions under this statute, for neither writs of attachment nor the ordinary process of summons were returnable to the first term of the court after their issue, unless issued ten days before the term. The writs of attachment were therefore always executed before a judgment in a civil action could be obtained at the term to which the attachment writs were returnable.

If the legislature deem it advisable to so modify the law, that in cases like the present all the judgments shall prorate without regard to priority in the levying of the writs, they can easily so modify it, but our province is to interpret, not to modify the statutes.

The judgment of the county court is reversed and the cause remanded.        *Reversed.*