# CASES

# APPELLATE COURTS OF ILLINOIS.

## THIRD DISTRICT—MAY TERM, 1891.

### R. J. ADKINS ET AL.

### v.

### NELLIE M. BEANE ET AL.

*Partition—Sale—Rights of Purchasers—Judgments and Decrees—Injunctions.*

1. One Chandler was the owner of one undivided seventh of his father's estate. Two attachment suits were brought against him; judgments were rendered for the plaintiffs therein; no sale of said interest was made, for the reason that at the time of such judgments said estate had not been settled: afterward a suit for partition was instituted by other heirs. Said Chandler was made a defendant, but neither of the judgment creditors; later, one of them interpleaded, setting up that his judgment was a first lien; the court subsequently ordered premises sold " free from the attachment lien," and the money brought into court. Complainants became purchasers at such sale. Subsequently an order of distribution was made in the partition suit, directing the paying out of the proceeds in accordance with the interests of the parties as found, making no reference to the latter judgment, the holder of which was, however, paid a sum named; subsequently the other judgment creditor sued out a special execution on her said judgment in attachment, and threatened a sale of the interest of said Chandler in said premises. A bill alleging the above facts, and that a sale would cloud the title of complainants was filed, they praying an injunction prohibiting such sale; the same was demurred to and dismissed. This court holds, that as to the sale under the partition proceedings, the second judgment creditor was in no

(366)

Adkins v. Beane.

wise affected, she not being a party thereto; that her lien was not divested; that she should be allowed to sell a part of the property proportioned to her lien, as compared with the concurrent lien of the other judgment creditor, and that she is not bound to look to him for satisfaction.

2. The proportion in such case can be determined by ascertaining the true value of the property, and unless a sum equal to what the second judgment creditor would be entitled to, be paid within a day to be fixed by the court, the entire property should be sold in satisfaction of that amount.

3. If the purchasers at the sale are compelled to pay anything to rid the property of the unsatisfied lien of the second attachment, they are entitled to a decree against the first judgment creditor, to the extent of whatever he may have received above his just proportion.

[Opinion filed September 30; 1891.]

IN ERROR to the Circuit Court of Cass County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. R. W. MILLS, for the plaintiffs in error.

Mr. J. N. GRIDLEY, for defendant in error Nellie M. Beane.

WALL, P. J.   Bill for an injunction filed by Randall J. Adkins, William K. Mertz and Martin L. Perrine, alleging that on July 18, 1883, Linus C. Chandler was the owner in fee by inheritance from his father, Charles Chandler, of the undivided one-seventh part of all that part of the east half of the southwest quarter, and the west half of the southeast quarter of Sec. 31, T. 19 N., R. 9, W., that is included in lot five, as platted by J. S. Lynch, and recorded in Vol. 42 of deeds, at p. 202, in the recorder's office of said county, and lots eight and nine in the addition of Charles Chandler to the town of Chandlerville, and lot 90 in the town of Chandlerville in said county, that on that date Nellie M. Beane began an original attachment suit in the said Circuit Court against the said Linus C. Chandler, and an attachment writ was issued returnable to the next August term of said court and that the same was levied upon all the interest of the said Linus C. Chandler in said premises, and that a certificate of levy was duly filed, that before that date Sherman Paddock had begun an attachment

suit against the said Linus C. Chandler, and that a writ of attachment had issued, returnable to the said August term, and had been levied on all the interests of Linus C. Chandler in the same premises, and certificate of levy duly filed. That personal service was not had upon Linus C. Chandler in either of said suits. That at the said August term, judgments *in rem* were rendered in said attachment suits against said property for $446, in favor of Nellie Beane, and for $1,337.98 in favor of Paddock. That at the date of said judgments the estate of Charles Chandler had not been settled, and for that reason no sale of the said interest of Linus C. Chandler was made at the time. That afterward a portion of the heirs of Charles Chandler began in said Circuit Court a proceeding for the partition of the said premises against the other heirs, Linus C. Chandler being made a defendant, but that neither the said Paddock nor Beane were made parties to the same, but during the pendency of the partition proceedings, Paddock interpleaded therein, and by a petition in writing alleged that he had recovered the above mentioned judgment, and that it was a first lien upon the said interest of Linus C. Chandler. That in August, 1888, a decree was rendered in the partition suit, in which the court found that said judgment in attachment of Paddock was a lien on the interest of Linus, and ordered the entire premises sold " free from the said attachment lien " and the money brought into court, and that at the sale made by the master in pursuance of said decree the complainants became the purchasers of the premises above described, and that subsequently an order of distribution was made in the partition suit directing the master to pay out the proceeds in accordance with the interests of the parties as found by the court, making no reference whatever to the judgment of ¦Paddock; that in pursuance of that order the master paid to Paddock the one-seventh interest of Linus C. Chandler, amounting to $540. That on August 19, 1890, the said Nellie M. Beane sued out a special execution on her said judgment in attachment and was threatening to sell the interest of Linus C. Chandler in said premises.

The bill further alleges that the effect of the said sale by

the master in chancery was to sell the entire interest of Linus C. Chandler in said premises under the attachment judgment of Paddock; that it was for the benefit of the Beane judgment as well as for the Paddock judgment, and that any further sale under the Beane attachment would put a cloud on the title of petitioners; makes Nellie M. Beane and John Dirreen, sheriff, defendants, and prays that they be enjoined from making such sale, etc., and for general relief.

The Circuit Court sustained a demurrer to said bill, and dismissed the same at the cost of the complainants therein. The record is now brought to this court upon a writ of error and the question is, as to the ruling of the court upon the demurrer. It is urged on behalf of the plaintiff in error that the case is within the rule announced in Warren v. Iscarian Community, 16 Ill. 114.

In that case it was held that the sale of the property attached, under a special execution issued upon one of two judgments in attachment (where the writs of attachment were returnable to the same term) was in effect a disposition of the entire fund common to both judgments, and that the purchaser acquired the property free of the lien of the other attachment creditor.

There, the sale was made under and by virtue of the attachment proceedings, and by reason of the statute applicable thereto, the conclusion reached was clearly correct. The other creditor had ample means of protection in view of the fact that he was really a party to the proceeding and bound by it. He was required to take notice of what occurred. He could see that the property brought its value and he was at liberty to apply to the court for his share of the proceeds. In this case the situation is quite different. The proceeding was for partition, and the attachment creditors were not parties thereto. One of them, Paddock, was admitted as a party on his own motion and obtained the entire proceeds of the sale. The sale was not made, in form or in substance, under the provisions of the attachment act, and the other attachment creditor was not affected by it for the plain reason that she was not a party to the proceedings. Her lien was not

divested. Had she been a party to the partition case she would have been entitled to a *pro rata* share of the proceeds; and she may still rely upon her lien.

We are of opinion that she should be allowed to sell a part of the property proportioned to her lien, as compared with the concurrent lien of Paddock, but should not be permitted to do more.

This proportion can be determined by ascertaining the true value of the property, and unless a sum equal to what she would be entitled to is paid within a day to be fixed by the court, she should be allowed to sell the entire property in satisfaction of that amount.

Of course Paddock should refund, but she is not bound to look to him. If he is made a party to the suit the rights and equities of all concerned may be adjusted. It need hardly be said that in case the purchasers are compelled to pay anything to rid the property of the unsatisfied lien of the Beane attachment, they are entitled to a decree against Paddock therefor to the extent of whatever he may have received above his just proportion. The bill should have been retained for the purpose indicated.

The decree dismissing the bill will be reversed and the cause remanded.

*Reversed and remanded.*