16 | 117
128 | 42
16 | 117
41a | 448

In the matter of the estate of JONES, JACOB and STRAWN, *v.* SYLVESTER JONES.

### AGREED CASE FROM MORGAN.

An attaching creditor, whose levy is recorded prior to the filing of a mortgage for record upon the same premises, acquires a lien superior to that of the mortgagee; and when the levy is perfected by a judgment, the judgment takes precedence of the mortgage. Otherwise, attachments levied subsequent to the filing of the mortgage for record, only become liens, upon the equity of redemption.

As between the mortgagee and attaching creditors, the liens on land will be discharged as follows: The judgments in favor of creditors who levy before filing mortgage for record will be satisfied, without deduction on account of personal property of the mortgagor; then the amount due the mortgagee; and thirdly, the judgments which may be recorded by creditors attaching after the filing of mortgage for record.

As between themselves, attaching creditors are entitled to participate in the proceeds in proportion to their respective demands.

Attachments made returnable to the same term, and levied on the same estate, will share *pro rata* in the proceeds, whether judgments are all recorded at the return term or not.

THIS was a case certified from the Morgan Circuit Court, in which eight different suits of foreign attachment were involved. The several cases were submitted upon the same argument. The facts of the case appear in the opinion of the court.

J. L. MORRISON, for Strawn, Coffman, and Coffman and Cassel.

BROWN and McCLURE, for McDonald and Andrews.

D. A. SMITH, for Chilton and Leighton.

McCONNEL and TURNEY, for Moore and McEvers.

TREAT, C. J. This is an agreed case, certified from the Morgan circuit court. The facts are these:

In January, 1853, Sylvester Jones mortgaged certain real estate to James Leighton, and the mortgage was filed for record on the 8th of August, 1854. On the last named day, Jacob Strawn, Philip Coffman, and Coffman and Cassel, without notice of the mortgage, severally sued out attachments against Jones, returnable to the ensuing October term of the circuit court; and the same were levied on the mortgaged premises, and the levy recorded, before the filing of the mortgage for record. Judgments were rendered in these cases at the appearance term.

On the 8th of August, 1854, but after the mortgage was filed for record, Alexander McDonald sued out an attachment against Jones, returnable to the next October term; and the same was levied on the mortgaged premises. Judgment was obtained therein at the appearance term.

On the 10th of August, 1854, James Chilton and James K. Moore, each sued out attachments against Jones, returnable to the following October term; and the same were levied on the mortgaged premises. Judgment was recovered in the first case at the appearance term, and the other case was then continued for the want of publication in time.

On the 22nd of August, 1854, William E. McEvers sued out an attachment against Jones, returnable to the ensuing October term, and the same was levied on the mortgaged premises; and the cause was continued at the appearance term for the want of publication in time.

On the 28th of September, 1854, William S. Andreas sued out an attachment againt Jones, returnable to the following October term, and the same was levied on the mortgaged premises; and this cause was continued at the appearance term for the want of publication in time.

All of the attachments were levied upon certain personal property, but the levy was not made in any of them until after the recording of the mortgage.

The question certified for the decision of this court is, what are the liens and rights of the parties respectively on the facts above stated?

It is very clear that the mortgage must be postponed to the attachments which were levied on the mortgaged premises before the mortgage was filed for record. The statute declares that " all deeds, mortgages and other instruments of writing, which are required to be recorded, shall take effect, and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, without notice; and all such deeds and title papers shall be ad-

Jones et al. *v.* Jones.

judged void as to all such creditors and subsequent purchasers, without notice, until the same shall be filed for record." Under this provision, it was decided in the case of *Martin* v. *Dryden*, 1 Gilm. 187, that a party who levies an attachment on real estate, without notice of a prior unregistered deed, obtained a lien thereon to the extent of his demand against the grantor; and that if he recovers judgment and sells the land, the purchaser acquires the legal estate, as against the grantee in the prior conveyance. Strawn, Coffman, and Coffman and Cassel are creditors, within the intent of this statute. They had no actual notice of the existence of the mortgage, and a certificate of the levy of their attachments was recorded before the filing of the mortgage for record. They acquired liens on the land superior to that of the mortgagee. As these liens were perfected by the recovery of judgments, the judgments take precedence of the mortgage. By neglecting to record his mortgage until after the levy of the attachments, the mortgagee must be postponed until the judgments are discharged. But he is to be protected against the attachments that were levied after the filing of the mortgage for record. The plaintiffs in these attachments had constructive notice of the mortgage; and their liens are therefore inferior to that of the mortgagee. These attachments only became liens on the equity of redemption of the mortgagor; and the mortgage is a prior incumbrance to any judgments that may be recovered therein.

As between the mortgagee and the attaching creditors, the liens on the land are to be discharged in the following order:

First. The judgments in favor of the first class of attaching creditors, without any deduction on account of the personal property. Second. The amount due on the mortgage. Third. The judgments that have been or may be recovered by the second class of attaching creditors.

But as between themselves, the attaching creditors are entitled to participate in the proceeds that may be realized from the attachments, in proportion to their respective demands against the common debtor. The attachments were all made returnable to the same term of the court, and were levied on the same estate. This estate forms a common fund for the satisfaction of their debts. In the distribution of the proceeds, the statute puts the attaching creditors on the same footing, without regard to the order of time in which the attachments were sued out or levied. Nor does the fact that some of them obtained judgments at the return term, entitle them to any priority over those whose cases were continued. It is enough that the attachments were issued against the same debtor, made returnable to the same term of court, and levied on the same

estate. This is the construction given to the statute, in the cases of *Rucker* v. *Fuller*, 11 Ill. 223, and *Warren v. The Iscarian Community, ante,* 114. After the attachment suits are all determined, and the proceeds of the estate attached are received by the sheriff, an order of distribution must be made, so that each attaching creditor will receive a *pro rata* share of thôse proceeds.