542    APPELLATE COURTS OF ILLINOIS.

Paxton v. Schick et al.    Clayburg, Einstein & Co. v. Ford et al.

The order awarding the writ *de retorno habendo* must be reversed.

Order reversed.

---

### J. H. PAXTON

#### v.

### FREDERICK SCHICK ET AL.

---

### CLAYBURG, EINSTEIN & Co.

#### v.

### HENRY B. FORD ET AL.

1.  WRIT—MISNOMER—WHEN NOT MATERIAL.—A writ of attachment was sued out in the firm name of Clayburg, Einstein & Co., but as there was a declaration filed in the cause in which the full names of the members of the firm were given, and an appearance by the defendant, the irregularity in the writ became unimportant.   It was not such an irregularity as would render the writ void or sufficient to reverse.

2.  LEVY OF WRIT BEFORE DEED RECORDED.—The writ of attachment was levied upon the land at eleven o'clock A. M., and the deed by defendant conveying the land to another, filed for record at two o'clock P. M. of the same

day. The levy of the attachment being prior in time, is stronger in right and must prevail, there being no evidence that plaintiff in attachment had actual or constructive notice of the existence of the deed.

Error to the Circuit Court of Peoria county; the Hon. D. McCulloch, Judge, presiding. Opinion filed May 2, 1879.

Messrs. Cratty Bros. & Ulrich, for plaintiffs in error; that the levy constituted a prior lien, cited Martin v. Dryden, 1 Gilm. 187; Doyle v. Teas, 4 Scam. 202; Kennedy v. Northrup, 15 Ill. 148; Jones v. Jones, 16 Ill. 117; Stribling v. Ross, 16 Ill. 122; McClure v. Englehard, 17 Ill. 47; Reichert v. McClure, 23 Ill. 516; Massey v. Westcott, 40 Ill. 160; McFadden v. Worthington, 45 Ill. 362; Huebsch v. Scheel, 81 Ill. 281; Cushing v. Hurd, 4 Pick. 252.

Messrs. Stevens, Lee & Gallagher, for defendants in error; that no notice of attachment was mailed, and the court had no jurisdiction, cited Thormeyer v. Sisson, 83 Ill. 188.

It was proper to try the case upon the interpleader of defendant, no defense being made for H. T. Ford: Williams v. Van Mettre, 19 Ill. 293; City Ins. Co. v. Commercial Bank, 68 Ill. 348.

An attachment can operate only upon the interest of the defendant in attachment existing at the time the writ is levied: Drake on Attachment, § 220; Cox v. Milner, 23 Ill. 476; Samuel v. Agnew, 80 Ill. 555; Seavey v. Browning, 18 Iowa. 246; Reed v. Ownby, 44 Mo. 204.

Leland, J. Martin Clayburg, Morris Einstein, David Lindauer, and Bernhard Kuppenheimer, using the firm name of Clayburg, Einstein & Co., sued out a writ of attachment against Henry T. Ford, as defendant in attachment. As there was an appearance by the defendant, and a declaration by plaintiffs, in which the full names of the members of the firm were given, the irregularity of proceeding in the firm name may have become unimportant. See, on this subject, Day v. Cushman et al., 1 Scam. 475; 1 Chitty Pl. 7th Ed. p. 256, note 1. We are not disposed to consider the irregularity one which would make

the writ void, even though it might have been sufficient to quash it, if not amended, or to reverse an error if there had been a default. There is, however, no cross-error assigned.

The attachment was levied upon some real estate, and appellee, Susan J. Ford, filed an interpleader under section 29, p. 157, Rev. Stat. 1874. She does not state whether she was seized in fee, or for life, but merely says she was the owner when the land was attached. Although the indications are, as stated by Justice Scott, in City Ins. Co. v. Com. Bank, 68 Ill. 348, very strong that this section only applies to personal estate, it was nevertheless held in that case, upon the authority of Williams v. Van Metre, 19 Ill. 293, to include real estate. If under this issue the interpleader should prove that she had a life estate, and defendant in attachment the remainder expectant, it might be somewhat perplexing to know what the verdict and judgment should be, or of what use the trial would be.

There is no dispute about the facts. Defendant in attachment made a deed to appellee in Kansas, which was dated, acknowledged and delivered September 12th, 1876. It was sent to Peoria, and was filed for record there Sept. 14th, 1876, at two o'clock, P. M. The writ of attachment was levied on the same day, and the certificate of levy was filed for record under Sec. 9, p. 154, Rev. Stat. 1874, at eleven o'clock A. M. of that day.

There is no evidence that plaintiffs in attachment had actual or constructive notice of the existence of the deed. It is said that because Cratty, the attorney for plaintiff made affidavit on September 14th, 1876, that defendant had within two years last past fraudulently conveyed or assigned his effects, or a part thereof, so as to hinder and delay his creditors and the plaintiffs, that therefore plaintiffs had notice of a deed which was not fraudulent. We are not disposed to consider that a mere general swearing of this kind, according to the form of the statute in such case made and provided, by an attorney, would indicate that plaintiffs knew of the existence of a deed valid as to creditors if recorded in time. See section 1, p. 152, Rev. 1874. This portion of the affidavit was entirely unnecessary. The first clause, that defendant was a non-resident, was enough. The object of mailing the notice to the

defendant, as mentioned in Thormeyer v. Sisson, 83 Ill. 188, being to enable defendant to appear and defend, and as he did do so, the omission is of no moment. Nor is it a question in which appellee has any interest. Conceding that the deed was made for a valuable consideration, to-wit: the discharge of a prior indebtedness, and that there was no motive to hinder and delay creditors—nothing but fair and honest motives—whatever the law may be elsewhere, the levy of the attachment being prior in time, is stronger in right, under the laws of this State in relation to recording instruments concerning real estate. Jones v. Jones, 16 Ill. 117; Martin v. Dryden, 1 Gilm. 187, and many subsequent cases.

It being inaccurately but positively stated in the brief of appellee that the writ was levied after the deed was recorded, there may have been misapprehension as to dates on the trial below. The question seems to us not to be a debatable one, and therefore the judgment is reversed and the cause remanded.

Reversed and remanded.