## WILLIAM A. POLLACK

### *v.*

## JOHN B. SLACK *et al.*

1.  ATTACHMENTS—*division of proceeds of sale, as between several judgments.*
Section thirty-seven of the Attachment act, (Rev. Stat. 1874, 158,) seems to
provide for a division of the proceeds of sale of property attached, in two
classes of cases: *First,* where two or more creditors commence by attachment
and the writs are all returnable to the same term, they are protected by the stat-
ute, whether they all obtain judgments at the same or at different terms of court.
*Second,* all judgments in suits commenced by summons, capias or attachment,
rendered at the term when the attachment is returnable, or rendered at the
term when judgment is obtained in the suit by attachment, regardless of the
time when the actions were commenced.

2.  An attachment was sued out and levied upon land of the debtor. At the
return term the cause was continued. Subsequently the debtor conveyed the
land attached to a third person. After this conveyance the grantee of such
debtor and another each brought suit against him, and at the term of court
next following both obtained judgments, and at the same term the attaching
creditor also obtained judgment. Executions were issued on all these judg-
ments on the same day and placed in the hands of an officer, who advertised
and sold the land on the execution in favor of the attaching creditor. The
proceeds of this sale were ordered by the court below to be distributed as fol-
lows: First, to pay in full the judgment of the attaching creditor, second, the
surplus, if any, to the one mentioned as the grantee of the debtor, upon his
judgment. This was held to be an improper distribution of the proceeds of
the sale. All the judgments were entitled to share *pro rata* according to their
several amounts. The judgments obtained in the suits which were commenced
by summons came within the second class of cases provided for in the statute.

APPEAL from the Circuit Court of Washington county; the
Hon. AMOS WATTS, Judge, presiding.

Mr. L. M. PHILLIPS, for the appellant.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

John B. Slack sued out an attachment against Charles P.
Huntington, returnable to the September term, 1875, of the
circuit court of Washington county. On the 20th day of Sep-
tember, 1875, the writ of attachment was levied on a tract of

land in Washington county.   At the September term of court
no trial was had, but the cause was continued.   On the 2d day
of December, Huntington conveyed the land to Alexander
Warner, and the deed was recorded on the 7th day of the fol-
lowing January.   Afterwards, Alexander Warner and William
A. Pollack each commenced an action of assumpsit against
Huntington, and at the April term of court, 1876, judgments
were rendered in their favor, and at the same term the attach-
ing creditor, Slack, obtained a judgment in the attachment
suit.   On the 11th day of July, 1876, executions were issued
on all three of the judgments and delivered to the sheriff, who
advertised and sold the land on the execution in favor of Slack.
The sheriff reported the money to the court, and an order was
entered requiring him to pay, first, John B. Slack the amount
of his judgment, and the surplus, if any, to Alexander War-
ner on his judgment.   This decision is assigned for error.

We see no ground upon which the decision can be sustained
without disregarding a plain provision of the statute, which
declares all judgments in attachments against the same defend-
ant returnable at the same term of court, and all judgments
in suits by summons, capias or attachment against such de-
fendant, recovered at that term or at the term when the judg-
ment in the first attachment upon which judgment shall be
recovered is rendered, shall share *pro rata*, according to the
amounts of the several judgments, in the proceeds of the prop-
erty either in the hands of a garnishee or otherwise.   Rev.
Stat. 1874, sec. 37, p. 158.   This section of the statute seems
to provide for a division of the proceeds of the property at-
tached in two classes of cases : First, where two or more credi-
tors commence by attachment, and all returnable to the same
term, they are protected by the statute whether they all obtain
judgments at the same or at different terms of court.   Second,
all judgments in suits by summons, capias or attachment, ren-
dered at the term when the attachment is returnable, or ren-
dered at the term when judgment is obtained in the action of

attachment regardless of the time when the actions were commenced.

The judgments obtained by Warner and Pollack seem to fall in this second class. Their suits were not commenced until the return day of the attachment had passed, but they each obtained judgment at the same term of court that the attaching creditor obtained his judgment, and they were, under the statute, clearly entitled to share in the proceeds of the property attached.

The judgment of the circuit court will be reversed and the cause remanded.

*Judgment reversed.*