Thomas R. Reeve *et al.*

*v.*

W. H. Smith *et al.*

*Filed at Mt. Vernon January 22, 1885.*

1. Attachment—*apportionment of proceeds or fund among creditors.* By section 37 of the Attachment act, all judgments in attachment against the same defendant returnable at the same term, and all judgments against such defendant recovered at the same term or at the term where judgment in the first attachment is rendered, shall share *pro rata* in the proceeds of the property attached, either in the hands of the garnishee or otherwise. Under this

section there is no difference between property attached and funds. in the hands of a garnishee. It is the whole fund or property attached, and not any specific part or portion, that is held until it shall be ascertained who or what creditors are entitled to share in the proceeds.

2. SAME—*rights of an assignee of a debt intervening two attachments.* After a debtor to a defendant in attachment had been garnisheed by a creditor of the defendant, the latter transferred and assigned his claim or demand to another creditor, and notice of the transfer was given to the debtor, when a second creditor in attachment against the same defendant garnisheed the same debtor, and both suits proceeded to judgment at the same term. The funds in the hands of the garnishee were not sufficient to satisfy the two judgments, and the court ordered the same to be apportioned between the two judgment creditors to the exclusion of the assignee of the debt owing by the garnishee: *Held,* that the court decided in accordance with the law.

3. ASSIGNMENT—*of chose in action—extent of assignee's rights.* A chose in action is not assignable, either at common law or under our statute, so as to vest the legal title in the assignee. Such assignee will take the same subject to all defences that existed against the assignor. He stands in the shoes of his assignor, and can claim no greater rights in the demand assigned than could his assignor.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the City Court of East St. Louis; the Hon. W. P. LOUNTZ, Judge, presiding.

Mr. R. A. HALBERT, for the appellants:

The service of process of garnishment must create a qualified lien, or have the effect of a modified appropriation of the indebtedness by the law to the objects and purposes of the attachment, that is binding alike on the defendant, the garnishee and third parties,—otherwise the garnishment might always be rendered nugatory by the payment or assignment of the debt.

Choses in action are not assignable at law, but only in equity, and yet the courts of law will ordinarily regard the equitable rights of the assignee. After the service the power of the defendant to dispose of his debt remains, but the transfer will be subject to the creditor's liens.

Where a prior lien is given to the first attachment levied in preferment of process served on a garnishee, it takes effect

in favor of the attaching creditor, and the defendant may sell and dispose of the property or debt, subject only to the claim of the attaching creditor. But in this State the first attachment or garnishment does not hold the property or debt to the exclusion of all subsequent attachments, but for the benefit, not only of all judgments in attachment against the same defendant that are returnable to the same term, but of all judgments against said defendant recovered at that term, and all such judgments must share *pro rata.*

Messrs. FLANNEGAN & CANBY, for the appellees Smith & Co.:

Under section 37 of the Attachment act, all attaching creditors are entitled to participate in the proceeds that may be realized for the attachment, *pro rata,* when the attachments are all made returnable to the same term of court and levied on the same estate. *Mechanics' Savings Inst. of St. Louis* v. *Givens,* 82 Ill. 157; *Warren* v. *Iscarian Community,* 16 id. 114; *McCoy* v. *Schnelbaker,* 2 Bradw. 582; *Stahl* v. *Webster,* 11 Ill. 511.

The right of attaching and judgment creditors to share in the proceeds of attached property, *pro rata,* when their judgments are all recovered at the same term of court, is not limited by the statute to the amount of the first attaching creditor's claim, but it extends to "the proceeds of the property attached," which means the whole property. The levy of an attachment creates a lien upon the property, which nothing subsequent can destroy but the dissolution of the attachment. And as to the defendant, though his general power of alienation, subject to the attachment, is not impaired, yet no subsequent act of that description on his part can defeat the lien of the attachment. Drake on Attachment, sec. 224; *Martin* v. *Dryden,* 1 Gilm. 213; *People* v. *Cameron,* 2 id. 471; *Barnell* v. *Robertson,* 5 id. 282.

"The chief object of this chapter," say the Supreme Court, in speaking of the Attachment act, "is, in certain specified

cases, to place the estate of the debtor under the immediate control of the law, and subject it to the payment of his debts." *People* v. *Cameron,* 2 Gilm. 471.

The general and well settled rule is, that an assignee of a chose in action holds subject to all equities, burdens and infirmities, which existed at the time against the assignor. *McKinney* v. *Alvis,* 14 Ill. 33; *Olds* v. *Cummings,* 31 id. 188; *Fortier* v. *Darst,* id. 212.

The assignee of a chose in action acquires the rights, neither more nor less, of the assignor, and stands in his position. The assignor can transfer no better right than he possessed. *Jack* v. *Davis,* 29 Ga. 219; *Thompson* v. *Allen,* 12 Ind. 539; *Bush* v. *Lathrop,* 22 N. Y. 535; *Gray* v. *Thomas,* 18 La. Ann. 412.

Mr. Justice Scott delivered the opinion of the Court:

There is no controversy as to the facts of this case. On the 16th day of October, 1882, Berthold & Jennings commenced a suit by attachment, in the City Court of East St. Louis, against the Clinton Bridge Company, a non-resident corporation, and summoned the Chicago and Alton Railroad Company as garnishee. Afterwards, on the 4th day of December, 1882, the firm of W. H. Smith & Co. also commenced a suit in attachment in the same court, against the bridge company, and had process served on the Chicago and Alton Railroad Company, as garnishee, as was done in the first suit commenced. Both suits proceeded to judgment against the attachment debtor at the January term, 1883, of the City Court of East St. Louis. Intervening the two attachment suits,— that is, on the 1st day of December, 1882,—the Clinton Bridge Company, in good faith, and in part payment of its indebtedness to the firm of Reeve & Son, assigned to them its claim against the Chicago and Alton Railroad Company, (being the same indebtedness now involved,) and on the same day noti-

fied the railroad company of such assignment. Of the good faith of the assignment to the interpleading creditors, and that it was made to secure a *bona fide* indebtedness, no question is made.

It does not appear there is enough of the fund in the hands of the garnishee to satisfy and discharge in full the demands of the respective claimants, and the only question made is, whether the second attachment creditors, whose suit was commenced after the assignment of the attached fund to the interpleading creditors, are entitled to a *pro rata* share of the attached fund with the first attachment creditors, or whether the balance, after paying the first attachment creditors, as is conceded must be done, shall go to the interpleading creditors. By the decision of the City Court, which was afterwards affirmed in the Appellate Court, the fund in the hands of the garnishee was ratably divided between the attachment creditors whose judgments against the common debtor were rendered at the same term of court, and as there was not enough of the fund to discharge in full their respective claims, the interpleading creditors were refused any share of the attached fund. That decision, it is thought, is warranted by a fair construction of the 37th section of the Attachment act,—Rev. Stat. 1874, p. 152. In that section it is provided: "All judgments in attachments against the same defendant, returnable at the same term, and all judgments in suits by summons, *capias* or attachment against such defendant, recovered at that term or at the term when the judgment in the first attachment upon which judgment shall be recovered is rendered, shall share *pro rata,* according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of a garnishee, or otherwise." It will be perceived that property attached, and funds in the hands of a garnishee, are placed on the same footing,—that is, when attached, such property or funds are appropriated from that time, by law, to the payment of a certain class of

creditors. Who constitute the class of creditors whose rights are protected by law? They are specifically enumerated in section 37, and consist of the creditors of the attachment debtor who shall obtain judgments against such debtor within the time and in the manner specified in that section of the statute. It is the whole property or funds attached, and not any specific part or portion, that is held, until it shall be ascertained who or what creditors are entitled to share in the distribution to be made. Creditors who do not choose to put their claims in judgment, by attachment or otherwise, within the time limited by the statute, are not permitted to share in the proceeds of the property or funds attached,—certainly not until all attachment or judgment creditors have been paid. Keeping this construction of the statute in mind, the case being considered presents no difficulty. The interpleading creditors never attempted to put their claim against the attachment debtor in judgment, and hence their equities, under the assignment to them of the funds attached, must be held to be postponed to the rights of creditors who have conformed to the statute, and put their claims in judgment. Had they put their claim in judgment with the attachment creditors at the same term of court, as was their privilege to do, they would have been permitted to share *pro rata* with them in the funds attached. Failing to do so, they are cut off from any participation in such fund until after attachment or judgment creditors are first paid. The statute that secures equality among the creditors of the common debtor, is a wise and just one. Creditors of the attachment debtor ought not to be permitted to obtain an inequitable advantage over other creditors in a fund appropriated by law for a specific purpose, by taking an assignment of it before the time shall have arrived for distribution. That would contravene the positive provisions of the statute, which will not be sanctioned. It is familiar law that a chose in action is not assignable either at common law or under the statute of this State, so as to

vest the legal title in the assignee. Such assignee will take the same subject to all defences that existed against the assignor. In this case the interpleading creditors stand in the shoes of the bridge company, and can, of course, assert no rights in or to the funds attached other than the bridge company itself could do. The statute has fixed the mode by which the creditors of the attachment debtor may share in the proceeds of the property levied upon or in the funds garnisheed, and parties will not be permitted to defeat its provisions in that respect by taking to themselves an assignment of such property or funds, or by any other method that might be adopted. Its provisions in that regard will be recognized as controlling.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*