## George H. Brewster

v.

## Eugene Riley et al.

1. ATTACHMENT—JUDGMENT BY CONFESSION.—Where creditors A and B on March 21st sued out writs of attachment against appellee's estate, returnable to the April term, and caused them to be levied upon his goods, and at the April term recovered judgments, and special executions were awarded, and March 23d, a judgment by confession without summons or *capias* was entered against appellee, upon his judgment note of that date in favor of his wife, and execution upon it was levied upon the goods, and March 26th creditor C began an action of assumpsit against appellee, attachment in aid was sued out returnable to April term, and at such term judgment recovered, etc., *held*, that the plaintiff in the judgment by confession was not entitled to share *pro rata* with the attachment creditors A, B and C, in the proceeds of the property attached and sold.

2. DISTRIBUTION OF ATTACHED PROPERTY—BONA FIDES OF JUDG-
MENT.—The court, upon the hearing of the matter of the distribution of the
proceeds of property attached, has jurisdiction to enter into the investigation
offered as to the *bona fides* of a judgment by confession where it is material
to do so.

APPEAL from the Superior Court of Cook county ; the
Hon. ELLIOTT ANTHONY, Judge, presiding. Opinion filed
June 9, 1886.

Tolman sued out of the superior court, March 21, 1885, a
writ of attachment against the estate of Eugene Riley, re-
turnable to the April term, 1885, of said court, and caused it to
be levied upon the goods of Riley on said March 21st. At
the said April term Tolman recovered judgment in the suit
for $565, and special execution was awarded. On said 21st of
March Brewster sued out of the same court an attachment
against said Riley, returnable to said April term, which he
caused to be levied on the same goods of Riley on said 21st of
March, but subsequent to the levy of Tolman's writ. At said
April term, Brewster had judgment in his suit for $362.70,
and special execution was awarded.

At the March term, 1885, of said court, and March 23,
1885, a judgment by confession, without summons or *capias*,
was entered against said Riley, upon his judgment note of
that date, in favor of Rose Riley, for $1,940, and an execution
upon it was levied upon said goods March 23, 1885, subse-
quently to the levy of both said attachments. March 26,
1885, Barm began an action of assumpsit against said Riley,
in said superior court, and on the same day sued out, and
caused to be levied on the same goods, an attachment in aid
returnable to said April term ; at which term said Barm re-
covered in said suit a judgment against said Riley for $704.75,
on which a special execution was awarded.

The property so levied upon, consisting of a stock of dry
goods, was sold by the sheriff under the execution in favor of
Tolman, and realized, above all costs and expenses, the sum of
$1,293.90, which was paid into court.

Upon a motion on behalf of said Brewster, at the February

Brewster v. Riley.

term, 1886, of said couit, all the parties in interest being present, the above facts being stipulated, the court was asked to make distribution of the said money among the several judgment creditors pursuant to law.  Upon the hearing of that motion said Barm offered to prove that the said judgment in favor of said Rose Riley was not based upon a *bon.t fide* claim, and that the same was fraudulent.  But the court refused to hear evidence upon that question.  To which ruling said Barm and said Brewster duly excepted.  The court adjudged and ordered that said sum of $1,293.90 be distributed among the said Tolman, Brewster, Rose Riley and Barm, *pro rata*, in proportion to the amounts of their said respective judgments against said Eugene Riley.  To which order the said Tolman, Brewster and Barm duly excepted, and bring the case here for revision.

Messrs. H. S. & F. S. OSBORNE, for appellant; cited Rucker v. Fuller, 11 Ill. 223; Pollock v. Slack, 92 Ill. 221.

Mr. R. W. CLIFFORD, for appellee; that the Attachment Act should be liberally construed, cited Hannibal & St. J. R. R. Co. v. Crane, 102 Ill. 249.

McALLISTER, J.  The first question is whether the ruling of the court was correct in excluding the offer on the part of Barm to prove that the judgment in favor of Rose Riley, entered upon confession, was not based upon a *bona fide* claim, but was frauduient.  Section 39 of the Attachment Act says: " The court may, at any time before the proceeds of any attached property have been paid over to the judgment creditors, order the whole, or any part thereof, to be paid into court, and *may make any and all such orders concerning the same as it shall deem just.*"

Section 41 declares: "This act shall be construed in all courts in the most liberal manner for the detection of fraud."

Manifestly that judgment by confession was open to attack on the part of Barm on the ground that it was not based upon a *bona fide* indebtedness, and was fraudulent as to cred-

itors of Riley. We are of opinion that the court, upon the
hearing of the matter of the distribution of the proceeds of
the property attached, had jurisdiction to enter into the
investigation offered as to the *bona fides* of the judgment by
confession where it is material to do so, but that, from the
view we take of this case, such an inquiry was wholly imma-
terial.

The other question is as to the propriety of the order of
the court that the plaintiff in the judgment by confession was
entitled to share *pro rata* with the attachment creditors in the
proceeds of the property attached and sold.

Those attachment creditors all had their respective writs of
attachment sued out in March, in time for and returnable to
the April term of the superior court, 1885, at which term
judgment in their respective suits was obtained, and special
execution awarded. The attachment in favor of Tolman and
that in favor of Brewster were each sued out and levied
March 21, 1885. The judgment by confession in the same
court was not entered until March 23, 1885, and the execu-
tion issued upon it and levied on that day created a lien sub-
sequent to that of both the above mentioned attachments ; so
that, by the general rule, the attachment creditors being prior
in time were prior in right of lien. To escape that result
the plaintiff in the judgment by confession invokes the pro-
visions of § 37 of the Attachment Act as follows: "All judg-
ments in attachment against the same defendant, returnable
at the same term, and all judgments in suits by summons,
*capias* or attachment against such defendant, recovered at that
term, or at the term when the judgment in the first attach-
ment upon which judgment shall be recovered is rendered,
shall share *pro rata*, according to the amount of the several
judgments, in the proceeds of the property attached, either
in the hands of a garnishee or otherwise." 1 Starr & Cur.
Stat., p. 325.

The judgment in favor of Rose Riley was neither in fact
nor legal effect a judgment in a suit by summons, *capias* or
attachment against Eugene Riley, but a judgment by confes-
sion, by means of a warrant of attorney executed by said

Eugene Riley. Nor was it entered at the same term as that at which all the judgments in the attachment suits, or any of them, were entered.

We are therefore of opinion that the judgment by confession in favor of Rose Riley did not come within the letter or spirit and intent of said statute, and that the court below erred in directing that she share *pro rata* with said attachment creditors in said proceeds.

Under the section above quoted, said proceeds should have been distributed among the three attachment creditors, Tolman, Brewster and Barm, *pro rata*, according to the amount of their respective judgments.

The order of the court below will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Order reversed.