WILLIAM KENNEDY, ADMINISTRATOR, ET AL.

v.

WILLIAM WIKOFF ET AL.

*Garnishment—Chap. 62 R. S.—Sec. 37 of Attachment Act, not Applicable to — Creditor Recovering under Garnishee Process not Required to Share Proceeds pro rata with Other Creditors.*

1. Under Sec. 37 of the Attachment Act other creditors bringing ordinary actions against the same debtor and succeeding in the recovery of judgments at the same term as the attachment creditor, are entitled to share *pro rata* in the proceeds of the attached property. But if the attachment for any reason fails to hold the property, it will not avail either the attaching creditor or others who rely on the provisions of said section.

2. Sec. 37 of said act does not apply to garnishee proceedings under Chap. 62 R. S., and a creditor who recovers upon garnishee process under said chapter is not required to share the proceeds with other creditors.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Statement of the case by CONGER, J.    This is a controversy between two sets of the creditors of John R. Snyder, who was a banker, doing business in Chenoa, McLean County, Ill.    On the 30th day of September, 1883, Snyder made a deed of trust of all his property, both real and personal, to John J. P. Odell.    On the 4th of October, 1883, William Wikoff and Alfred R. Kidwell commenced suit in attachment against Snyder.    A few days afterward William Linden, Luther C. Hayes and Christian Clouden each commenced a suit in attachment against Snyder.    At the following November term each of the above named appellees recovered a judgment against John R. Snyder for his claim, but not on the attachment.    At the same term of court the other of appellees recovered a judgment against Snyder by confession.    At the same term of court each of the appellants recovered a judg-

ment by confession against Snyder. Afterward during the same term (Snyder having pleaded to the attachment) a trial was had on the attachment in the Kidwell case and judgment rendered for the plaintiff; from which judgment Snyder prayed an appeal to this court. During the same term of court appellees filed in said case an intervening petition in which they claimed that, by reason of having obtained a judgment in the same term of court in which the judgment in attachment was rendered, they were entitled to share in the proceeds of all property attached and garnished. The court took that matter under advisement, and Snyder prosecuted his appeal from the judgment in attachment, and on hearing, this court, on error confessed, reversed the judgment.

An execution was issued on each of the several judgments in favor of appellees and returned " no property found."

On the return of such executions each of the appellees swore out a writ of garnishment, which writs were served on John J. P. Odell, and the Union National Bank, and various other parties, making twenty-one suits in garnishment. All these suits in garnishment were afterward, by agreement and consent of all parties, consolidated into this one case, and was entitled J. R. Snyder for the use, etc., vs. John W. Bryant, et al. Various answers were made by the garnishees to the interrogatories filed, some admitted and some denied indebtedness, and afterward the court, on motion of the plaintiffs, appointed receivers to take charge of the property.

On the 13th day of November, 1884, each of the plaintiffs in the said attachment suits released all property attached and dismissed as to all garnishees.

On September 17, 1885, the attachments in each and all of the attachment suits were dismissed.

The same persons were summoned as garnishees in the garnishee suits who had been garnished in the attachment suits, and for the purpose of reaching the same property.

By means of the garnishee proceedings quite a large amount of property was reached and made available for the purpose of being applied toward satisfying the judgments of appellees, but the amount obtained was not sufficient to satisfy

them. In order to obtain what was reached it was necessary for appellants to secure to the Union National Bank, of Chicago, one of the garnishees, something over $10,000, it holding it as collateral for a debt exceeding $10,000.

After the recovery of the judgments before mentioned in favor of appellants, John R. Snyder removed to Oregon, and appellants each commenced an action of debt on his judgment that he had previously recovered by confession. Summons in each case was sent Mr. Snyder in Oregon, and he there acknowledged services on the summons, and that was the only service had on Snyder.

Afterward, and at the same term of court in which the attachments were dismissed, each of the appellants took judgment against Snyder. November 28, 1885, the court made an order of distribution of the proceeds of the property garnished, ordering it distributed among appellees till each of such judgments was satisfied except four judgments, including that of Kidwell.

On the hearing of that motion for an order of distribution, appellants contended that the order should be made distributed *pro rata* among appellants and appellees. The court refused to make such an order but ordered it distributed among appellees, and from that order this appeal is prosecuted.

Messrs. W. E. Hughes and J. S. Ewing, for appellants.

The entire matter of *pro rata* distribution of attached property is one strictly of statutory regulation, and when the Legislature has clearly declared its intention the courts have no power to depart from the plain language of the statute for the purpose of establishing, as they may suppose, a more equitable rule. Rucker v. Fuller, 11 Ill. 223; Jones v. Jones, 16 Ill. 117.

The judgment of the Circuit Court in its order of distribution was erroneous, and will have to be reversed for the reason that appellants are clearly within the classes of creditors for whom the law of Illinois preserves all the attached property, whether levied on or in the hands of a garnishee at the time the first attachment is sued out and served. Reeve v. Smith,

113 Ill. 47; National Bank of America v. Indiana Banking Company, 114 Ill. 483.

The Legislature intended to do two things: 1st, to sequester not a part, but all the property of the debtor in an attachment suit which may be levied on or in the hands of garnishees from the moment the writ is served until final judgment passes one way or the other in one of the attachment suits; 2d, to shut out from any participation therein, every creditor who takes a judgment by confession or weakly dismisses his attachment suit.

Messrs. KERRICK, LUCAS & SPENCER, for appellees.

These suits were commenced under the Garnishment Act and not under the Attachment Act, and there is no provision in the Garnishment Act similar to that in Sec. 37 of the Attachment Act. It is well settled by all the authorities that the first suit in garnishment in which service is had on the garnishee, is prior in right to the subsequent garnishees. Wilder v. Weatherhead, 32 Vt. 765; Erskine v. Stoley, 12 Leigh, 406; Moore v. Holt, 10 Grat. 284; Talbot v. Harding, 10 Mo. 350; Johnson v. Griffin, 2 Cranch, 199; Arledge v. White, 1 Head, 241; Bergman v. Sells, 39 Ark. 97; Waples on Attachment and Garnishment, 488; Drake on Attachment, Sec. 455-456.

Appellants are not garnisheeing creditors of Snyder, but base their claims simply and solely on the fact that at the same term that the attachments were dismissed they each recovered a judgment in debt against Snyder.

"In garnishment cases as in case of a levy, attachments take precedence in the order of their service." Drake on Attachment, Sec. 455. This rule does not apply to attachments in this State because our statute has expressly otherwise provided. But we insist it is the rule in the absence of some statutory provision to the contrary, and there is none applicable to the Garnishment Act.

CONGER, J. The controversy in this case grows out of the proper construction to be given section 37 of the Attachment

Act, which is as follows: "All judgments in attachments against the same defendant returnable at the same term, and all judgments in suits by summons, *capias*, or attachment against such defendant, recovered at that term or at the term when the judgment in the first attachment upon which judgment shall be recovered is rendered, shall share *pro rata* according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of a garnishee or otherwise. *Provided*, when the property is attached while the defendant is removing the same, or after the same has been removed from the county, and the same is overtaken and returned, or while the same is secreted by the defendant or put out of his hands for the purpose of defrauding his creditors, the court may allow the creditor or creditors through whose diligence the same shall have been secured, a priority over other attachments or judgment creditors."

As we understand, the construction of this section insisted upon by appellants, is, that when one sues out an attachment, and a final decision of the case is reached by a judgment being recovered by, or against, such attaching creditor, that all other persons who recover judgments against such attachment debtor, in accordance with the provisions of Sec. 37, are entitled to share *pro rata* in the proceeds of the attached property. We can not assent to this view. We think the section is intended to apply when the attachment is made successful by the attaching creditor recovering a judgment agai st his debtor, and not when, as in this case, the attachment fails, and judgment goes against the attaching creditor for the costs of suit.

When an attachment issues it lays hold of and appropriates the debtor's property, keeping it in the custody of the law until such time as it may be needed to satisfy the creditors' demand.

By Sec. 37, other creditors bringing ordinary actions against the same debtor and succeeding in recovering judgments at the same term as the attachment creditor, may make the one attachment a foundation for claiming a share of the proceeds of the attached property. But if the attachment

from any reason loses its vitality and is unable longer to hold the property, its usefulness is gone and it will no longer avail either to the attaching creditor or to others relying upon the provisions of Sec. 37.

Others of the appellees beside Kidwell having obtained judgments against Snyder, by confession, issued executions upon such judgments, which were afterward duly returned, "no property found." On the return of these executions the plaintiffs sued out under the provisions of chapter 62, entitled "Garnishment," writs of garnishment, and had such writs served upon various persons having effects of said Snyder in their hands, and appellants also insist, as we understand their position, that they are entitled to share in the property and effects thus reached by garnishment by virtue of said Sec. 37 of the Attachment Act.

We think this Sec. 37 has no application whatever where garnishee process is taken out under Chap. 62. . When proceeding under that chapter, each creditor gets what he can and is not required to share with other creditors, unless they have succeeded in garnishing the same person or property.

By Sec. 6 of the Attachment Act, provision is made not only for attaching the debtor's property but also for summoning other persons as garnishees, and it is property and effects thus seized or garnished by the attachment writ that is required by Sec. 37 to be, under certain circumstances, divided out among the creditors.

We think the court held properly in excluding appellants from participation in the property and effects reached by the garnishee process issued under and by virtue of chapter 62, and the judgment will therefore be affirmed.

*Affirmed.*