# Charles A. Paltzer et al.

## v.

# The National Bank of Illinois et al.

*Attachment Act—Sec. 37—Judgments, Act Relating to, Secs. 9 and 10.*

1. If a given attachment from any reason loses its vitality and is unable longer to hold the property, its usefulness is gone and it will no longer avail the attaching creditor or others relying upon Sec. 37 of the Attachment Act.

2. In the case presented, this court holds that the fact that parties named, for their own benefit, obtained control of the first attachment and dismissed it, did not continue the lien which was created thereby, for the benefit of creditors in a later attachment.

[Opinion filed November 2, 1891.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. JOSEPH WEIGHT, for appellants.

Messrs. GARDNER G. WILLARD and W. W. EVANS, for appellees.

GARY, J. This is an appeal from an order of distribution of funds in the hands of Canute R. Matson, late sheriff of Cook County. The facts, as shown by the record, are as follows:

On the 25th and 26th days of June, 1890, judgments were entered by confession against James B. Johnson and Spencer J. Johnson in the Superior Court of Cook County, in favor of the following named plaintiffs: No. 127,917, Frank N. Gage, $5,940.50; No. 127,918, Sarah Johnson, $6,200.61; No. 127,924, George W. Williams, $3,700; No. 127,933, Peter Dudley, $1,695.60; upon which immediate executions were issued, delivered to the sheriff of Cook County, and by him, on said days, levied upon certain personal property of said defendants.

On the 26th day of June, 1890, and immediately after the levies in the foregoing cases, the John Spry Lumber Company sued out of the said Superior Court a writ of attachment, returnable to the July term, 1890, of said court, on proper affidavit and bond, and based on a valid and subsisting indebtedness of $2,293.32; delivered said writ on the 26th day of June, 1890, to the sheriff, who at once levied the same on the same property he had theretofore levied upon under said executions, and subject thereto.

That after said levy under said attachment writ, and on said 26th day of June, 1890, the National Bank of Illinois entered a judgment by confession against the same defendants, in the same court, suit No. 127,941, for the sum of $19,502.35; upon this judgment immediate execution was

issued, delivered to said sheriff, and by him, on June 26, 1890, and subsequent to said prior levies, levied upon the same property theretofore levied upon under said four prior executions and said attachment writ, and subject thereto.

That on June 27, 1890, the appellants began their suit in assumpsit against the same defendants, in the same court, by summons, returnable to said July term, 1890, of said court, upon a valid and subsisting indebtedness due them from said defendants, and on July 2, 1890, issued a writ of attachment in aid, which was also made returnable to the said July term, 1890, of said court, and based on one of the same grounds of attachment upon which the writ in the John Spry Lumber Company suit was issued.    That said attachment writ was at once delivered to said sheriff, who, on said 2d day of July, 1890, levied the same on the same property levied upon in the Spry Lumber Company suit.

On August 1, 1890, the National Bank of Illinois, for the purpose of freezing out appellants and preventing them from securing payment of their claim, bought the John Spry Lumber Company claim, and dismissed said attachment suit out of said court.

No judgments were rendered against said defendants at the July term, 1890, of said court.

At the August term, 1890, of said court, these appellants recovered a judgment against the defendants, both on the assumpsit and attachment issues, and this was the first judgment rendered in any of said attachment suits against said defendants in that court.

The sheriff having sold the property so levied upon, realized a large amount of money.    Out of this sum he paid in full the four judgments, together with the interest and costs thereon levied prior to the levy of the John Spry Lumber Company writ, and still had on hand about $11,000.    Of this amount he paid the National Bank of Illinois about $9,000, and returned $2,000 to abide the result of the contest between these appellants and said bank upon the question of priority.

These appellants filed their petition, setting up the facts of the matter, which was substantially admitted by the bank and

sheriff, and prayed for an order upon the sheriff for the sum of $1,023.03 due them. This the court below refused, and ordered said fund to be paid to said bank. From this order appellants appealed.

Upon the foregoing statement of facts, the question for this court to decide is, whether or not the National Bank of Illinois, one of the appellees, is entitled to the fund in the hands of the ex-sheriff, or that the appellants have the right thereto to the extent of their claim. The contention of appellants is, that under Sec. 37 of the Attachment Act, they are entitled to the fund by reason of the levy under the prior attachment in favor of the John Spry Lumber Company, and notwithstanding the facts of this purchase of the Spry claim and dismissal of the suit by the bank, appellee, the latter contends that it has a right to the fund, because its execution was in the then sheriff's hands prior to the attachment writ of appellants, and a lien was thereby created on the property of the defendants under Secs. 9 and 10 of the Judgment Act. Section 37 of the Attachment Act is as follows :

" All judgments in attachment against the same defendant, returnable at the same term, and all judgments in suits by summons, *capias* or attachment against such defendant, recovered at that term, or at the term when the judgment in the first attachment upon which judgment shall be recovered is rendered, shall share *pro rata* according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of a garnishee or otherwise."

This section is interpreted by the Supreme Court in Pollack v. Slack, 92 Ill. 221, as follows:

"Section 37 seems to provide for a division of the proceeds of sale of property attached in two classes of cases:

" First. Where two or more creditors commence by attachment and the writs are all returnable to the same term, they are protected by the statute, whether they all obtained judgment at the same term or at different terms of court.

"Second. All judgments in suit commenced by summons, *capias* or attachment, rendered at the term when judgment is obtained in the suit of attachment, regardless of the time when the action was commenced."

Paltzer v. National Bank of Illinois.

Appellants claim that the levy on the property under the John Spry attachment writ, placed the property *eo instanti* in the custody of the law, for the benefit of such persons as were brought within the said 37th section of the statute.

In Smith v. Clinton Bridge Company, 13 Ill. App. 572, the court says: "The whole property or fund is, from the time of the first levy or garnishment, in the custody, or at least under the control of the law, to be administered and distributed in accordance with the provisions of the statute."

In Bank of America v. Indiana Banking Company, 114 Ill. 487, the court says: "From the time of the levy or the service of the writ, the property or funds are held, by virtue of the statute, for the benefit of all the creditors of the attachment debtor who shall obtain judgment against him within the time and in the manner specified in the statute."

To the same effect is Reeve v. Smith, 113 Ill. 47. That was a garnishment proceeding. The claim attached in the hands of a debtor of the attachment defendant was assigned to another creditor, when a second creditor in attachment against the defendant garnished the same debtor. The court said after referring to Sec. 37: "Creditors of the attachment debtor ought not to be permitted to obtain an inequitable advantage over other creditors in a fund appropriated by law for a specific purpose, by taking an assignment of it before the time shall have arrived for distribution."

In Everingham v. National City Bank, 25 Ill. App. 649, the court, in speaking of the construction given to this attachment act, said: "That our statute relating to attachments, from its provisions and the spirit of the whole act, is entitled to and should receive a liberal and not a strict construction. It is plainly the intention and policy of the statute that all creditors, who avail themselves of the right given to participate in the proceeds of the property attached, by recovering judgments in conformity with the requirements of the statute, shall be placed upon an equality, and the proceeds of the property attached shall be distributed among them equally and impartially, in proportion to the amounts of their respective debts."

Thus far we have copied from the brief of the appellants.

If the John Spry Lumber Company attachment had gone to judgment in favor of the plaintiffs therein, the case of Brewster v. Riley, 19 Ill. App. 581, would be a precedent in this court in favor of the appellants which we ought to follow, unless satisfied that it is wrong.

The question that would have been in this case if that attachment had resulted in a judgment for the plaintiffs, does not seem to have been there thought of, by either court or counsel. And the same may be said of Pollack v. Slack, 92 Ill. 221. If, as is held in Jones v. Jones, 16 Ill. 117, a mortgage of land already attached takes precedence of later attachments, although those later attachments are entitled to share with, and thereby prevent full satisfaction of, the attachment having priority over the mortgage, why should not any conveyance of, or lien created by law upon, the property attached, intervening between the first and later attachments, have the same effect? This is a question, not of construction of Sec. 37, but of priority independent of that section. In Reeve v. Smith, 113 Ill. 47, the court lays stress upon the fact that the intervening claim was by assignment of a chose in action, not operative at law.

It is not necessary to discuss that question here. The only attachment that went to judgment here is that of the appellants. We agree with the Appellate Court of the Third District in Kennedy v. Wikoff, 21 Ill. App. 277, that "if the (first) attachment from any reason loses its vitality and is unable longer to hold the property, its usefulness is gone and it will no longer avail either the attaching creditor or to others relying upon the provisions of Sec. 37." That the appellees, for their own benefit, obtained control of the first attachment, and dismissed it, did not continue the lien which was created by that attachment for the benefit of creditors in a later attachment.

The attachment by the appellants was the first successful one, and when that was levied the property attached was already in the hands of the sheriff under the execution of the appellees.

The order appealed from is affirmed.

*Order affirmed.*