CHARLES A. PALTZER *et al.*

*v.*

THE NATIONAL BANK OF ILLINOIS *et al.*

*Filed at Ottawa, May 9, 1893.*

1. ATTACHING CREDITORS—*priority of liens.* A brought his action in June against his debtors, after which B brought attachment against the debtors, returnable to the next July term. C then entered judgments of confession against the debtors, and took out executions thereon, and bought the claim of B, and dismissed the suit of B. A then brought attachment in aid of his suit, returnable to the July term, which was levied on the same property attached by B, and recovered judgment at the next August term. *Held,* that C was entitled to the prior lien upon the proceeds of the property so levied on and attached.

2. SAME—*lien of second attachment—affected by dismissal of first.* Under section 37 of the Attachment act, in order to make the levy of the first attachment hold the property attached until a subsequent attachment creditor shall recover judgment, and to entitle the latter to share in the proceeds of the property attached, the first attaching creditor must recover judgment in his favor. If he fails in his action or dismisses his suit, subsequent attaching creditors will lose the benefit of the lien acquired by the former, and will take subject to any intervening lien.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

This is an appeal, coming through the Appellate Court, from an order of the Superior Court of Cook county, distributing certain funds in the hands of the sheriff of that county. The facts, as shown by the record, are as follows:

On the 25th and 26th days of June, 1890, judgments were entered by confession against James B. and Spencer J. Johnson, in said court, as follows: One in favor of Frank V. Gage, for $5,940.50; one in favor of Sarah Johnson, for $6,200.61; one in favor of George W. Williams, for $3,700, and one in favor of Peter Dudley, for $1,695.60.

Upon these judgments executions were immediately issued and delivered to the sheriff of said county, and by him, on the above named dates, levied upon certain personal property of said Johnsons. On the 26th day of June, 1890, but after the levies in the foregoing cases, the John Spry Lumber Co. sued out of said court a writ of attachment, returnable to the July term, 1890, on proper affidavit, based on a valid indebtedness of $2,293.32, and delivered the writ on that day to the sheriff to execute, and he at once levied it upon the same property theretofore levied upon under said executions, but subject thereto. After the levy under said attachment writ, on the same day, the National Bank of Illinois, this defendant in error, entered judgment by confession against the said Johnsons in said Superior Court for the sum of $19,502.35, and caused execution to immediately issue thereon, and delivered the same to said sheriff, and he on the same day, but subsequent to said prior levies, levied it upon the same property theretofore levied upon, as above stated, subject to those levies. On the 17th day of June, 1890, plaintiffs in error had begun a suit in assumpsit against said Johnsons in said Superior Court by summons returnable to the following July term, and on July 2d sued out a writ of attachment in aid thereof, which was also made returnable to said July term. One of the grounds for this attachment was the same as that upon which the writ in the John Spry Lumber Co. attachment was based. The last named writ of attachment was immediately delivered to said sheriff, and on the day of its date levied upon the same property theretofore levied upon, as above stated. On August 1, 1890, defendant in error, the National Bank of Illinois, purchased the John Spry Lumber Co.'s claim, and thereupon dissmissed the suit and attachment of that company.

No judgments were rendered against said Johnsons at said July term of said court. At the following August term, plaintiffs in error recovered a judgment against them

in assumpsit, and also on their attachment. The sheriff sold all of the property levied upon, and realized therefor a large sum of money, out of which he paid in full the four judgments first above mentioned, with interest and costs, and still had in his hands about $11,000. Out of this amount he paid defendant in error, the National Bank of Illinois, $9,000, and retained in his hands $2,000, to abide the result of this controversy.

Plaintiffs in error filed their petition in said court, setting up, in substance, the foregoing facts, and praying for an order upon the sheriff to pay them the sum of $1,023.03 due them. This the court refused to do, but ordered said sheriff to pay the funds in his hands to defendants in error. That order having been affirmed by the Appellate Court, this writ of error is prosecuted.

Mr. JOSEPH WRIGHT, for the plaintiffs in error:

Section 37 of the Attachment act provides for a division of the proceeds of sale of property attached, in two classes of cases:

1. When two or more creditors commence by attachment, and the writs are all returnable to the same term, they are protected by the statute, whether they all obtain judgment at the same or at different terms of court.

2. All judgments in suits brought by summons, etc., returnable at the term when judgment is obtained in the suit of attachment, whether they all obtain judgments at the same or at different terms of the court. *Pollack* v. *Slack,* 92 Ill. 221.

By the levy of the Spry attachment the property attached was placed in the custody or in the control of the law for the benefit of such persons as might be brought within section 37 of the statute. *Smith* v. *Clinton Bridge Co.,* 13 Bradw. 580; *Bank of America* v. *Indiana Banking Co.,* 114 Ill. 483; *Reeve* v. *Smith,* 113 id. 47; *Donek* v. *Alexander,* 117 id. 337; *McLain* v. *Draper,* 109 Ind. 556; *Ryan*

v. *Burkham*, 42 id. 507; *Henderson* v. *Bliss*, 8 id. 100; *Shirk* v. *Wilson*, 13 id. 129; *Rugg* v. *Johnson*, id. 437; *Schmidt* v. *Cotley*, 29 id. 120.

Mr. GARDNER G. WILLARD and Mr. WM. W. EVANS, for the defendants in error:

An attachment derives all its validity from the statutes, and in all essential particulars must conform to their requirements. *Heywood* v. *Collins et al.*, 60 Ill. 333. Citing, *Cariker* v. *Anderson*, 27 Ill. 358; *Rowley* v. *Berrian*, 12 id. 198; *Vairian* v. *Edmundson*, 5 Gilm. 270; *Lawrence* v. *Yeatman*, 2 Scam. 14.

The bank, defendant in error, insists that by the dismissal of the writ in the Spry case that writ was withered from its issuance; being but an inchoate, qualified, imperfect writ, which, to have any force, must be perfected by a judgment. *Pearl* v. *Wellman*, 3 Gilm. 321 *et seq.*

Counsel also cited as bearing on the case: *Pollack* v. *Slack*, 92 Ill. 221; *Brewster* v. *Robey*, 19 Bradw. 581; *Smith* v. *Clinton Bridge Co.*, 13 id. 580; *Fee* v. *Moore*, 74 Ind. 326.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Upon the facts stated, the only question for our decision is, was defendant in error, the National Bank of Illinois, entitled to the fund in the hands of the sheriff, to the exclusion of plaintiffs in error, or had the latter a prior right thereto to the extent of their judgment.

Plaintiffs in error base their claim to the fund upon section 37 of the Attachment act. [S. & C., vol. 1, page 325.] That section, so far as needed for the purposes of this decision, is as follows: "All judgments in attachment against the same defendant, returnable at the same term, and all judgments in suits by summons, capias or attachment against such defendant, recovered at that term, or at the term when the judgment in the first attachment upon which judgment shall be recovered is rendered, shall share

*pro rata,* according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of a garnishee or otherwise."

Counsel for plaintiffs in error, in his argument, proceeds upon the theory that the levy of the writ of attachment in the John Spry Lumber case, held the property levied upon until the plaintiffs in error had prosecuted their suit in attachment to judgment.

The language of section 37, *supra,* is: "All *judgments* in attachment against the same defendant, returnable at the same term," etc.

If the General Assembly in passing said section had intended that the mere levy of the writ of attachment should have the effect of holding the property for the benefit of subsequent attaching creditors, it would certainly have used language to that effect. Suppose the John Spry Lumber Co. attachment had come to trial, and the attachment had failed, or that the plaintiff in that suit had failed to maintain its cause of action against the defendants, could the plaintiffs in error have still relied upon that former attachment, as a basis for their claim to a distribution of the fund in question? It would scarcely be so contended. It is however admitted that no judgment was rendered in the Lumber Co. case, but the same was dismissed. The effect of that dismissal was as fatal to the claim now made by plaintiffs in error, as though the same result in effect had been reached upon a trial of the case, no judgment having been rendered.

The case of *Reeve et al. v. Smith et al.* 113 Ill. 47, upon which counsel for plaintiffs in error relies, is not in point. In that case several persons brought suits by attachment against the Clinton Bridge Co., a non-resident corporation, and summoned the Chicago & Alton R. R. Co. as garnishee. Subsequently the Bridge Co. sold and assigned to one of the attaching parties all its claim against the R. R. Co., and it was held "that the attachment debtor

could not dispose of its property to one creditor to the disadvantage of the other creditors." In that case all the attachments were prosecuted to judgments. It is clear that the question involved in that case and decided has no pertinency to the issue here involved. It is true that it was no fault of plaintiffs in error that judgment was not rendered in the Lumber Co. case. It is also probably true that the Bank bought that claim with the intention of dismissing the suit and preventing a judgment thereon; but we know of no rule of law forbidding a *bona fide* creditor pursuing such a course to collect his debt. The rights of the parties here in issue are governed entirely by the Attachment act. Its language being clear, nothing is left to construction. The courts can only give effect to its provisions as declared by the legislature. They "have no power to depart from the plain language and requirement of the statute for the purpose of establishing, as they may suppose, a more equitable rule." *Rucker et al.* v. *Fuller*, 11 Ill. 223. This case, we think, upon principle fully sustains the views herein expressed. The judgment of the Appellate Court will be affirmed.     *Judgment affirmed.*