Franklin MacVeagh & Co.

*v.*

F. E. Roysten & Co. *et al.*

|172    515
|191   ¹481

*Opinion filed April 21, 1898.*

1. Appeals and errors—*appeal from order distributing proceeds of execution sale—how amount involved is determined.* The amount involved in an appeal from an order entered upon the petition of an execution creditor asking a distribution, according to priorities, of a fund in the sheriff's hands derived from a sale under various executions against the same defendant, is determined by the amount of the fund necessarily disposed of by the order, and not by the amount of the petitioner's claim.

2. Attachment—*right of creditor whose diligence secured property, to priority.* Under the proviso to section 37 of the Attachment act, (Rev. Stat. 1874, p. 158,) when property is attached while the owner is removing the same, or after its removal, or when secreted or put out of his hands to defraud creditors, the creditor whose diligence secured the property is entitled to priority of payment, and the judgment of the Appellate Court as to that question is final.

3. Same—*effect of proviso to section 37 on right of other creditors to share pro rata.* Where two judgments by attachment are recovered at the same term against the same defendant, and the court orders the first attaching creditor to be paid in full under the proviso to section 37 of the Attachment act, the other attaching creditor is not entitled to priority over attachments and executions issued by justices of the peace before his attachment was levied, as he is not entitled to share *pro rata* with the first attaching creditor.

4. Same—*when distribution of proceeds of sale must be under section 51 of act on judgments, decrees and executions.* Where the only attachment which could operate, under section 37 of the Attachment act, to advance the lien of a subsequent attachment over the liens of

intervening attachments and executions issued by justices is prevented from so doing by being entitled to priority under the proviso to that section, the distribution of the proceeds of the sale after paying the first attachment in full must be according to section 51 of the act on judgments, etc.   (Rev. Stat. 1874, p. 627.)

*Franklin MacVeagh & Co.* v. *Roysten & Co.* 71 Ill. App. 617, affirmed.

Appeal from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. Henry B. Willis, Judge, presiding.

Moran, Kraus & Mayer, and Alschuler & Murphy, for appellants.

Aldrich, Winslow & Worcester, John M. Raymond, Lee Mighell, G. C. Van Osdel, and Hopkins, Thatcher & Dolph, for appellees.

Mr. Justice Carter delivered the opinion of the court:

This was a petition by appellants, Franklin Mac-Veagh & Co., to the circuit court of Kane county, for an order to the sheriff of Kane county to turn over the proceeds of a certain sale, made by him of a stock of groceries on various executions in his hands against White Dawson, to the circuit clerk, and for an order distributing the fund and adjusting the priorities of the several claimants and execution creditors.

From the finding of the court and the evidence it appears that Dwinell, Wright & Co. sued out an execution for $61 from a justice of the peace of Kane county against White Dawson, and placed the same in the hands of a constable September 26, 1896; that no levy was then made by such constable, but that the execution was subsequently delivered to F. H. Hotz, another constable, who was also deputy sheriff of Kane county; that an attachment writ was issued by the circuit clerk of Kane county September 28, 1896, in favor of F. E. Royston & Co. and against Dawson, for $567.64, in aid of a suit previously

commenced, and returnable to the October term, 1896, of the Kane county circuit court, and placed in the hands of the deputy sheriff at 8:10 A. M. of the same day; that subsequently, on the same day, other attachment writs against Dawson, and in favor of Jameson, Sheets & Co., Fred Holmes, Durand & Kasper and Eby & Michels, issued by various justices of the peace and by the city court of Aurora, came into the hands of the same officer, as constable; that on the same day he levied, under these various writs, on the stock in trade of Dawson, which had theretofore been assigned and transferred by Dawson to John H. Shay & Co. for the purpose of hindering, delaying and defrauding his creditors; that afterwards Franklin MacVeagh & Co. sued out their writ of attachment against Dawson from the circuit court of Kane county in aid of a suit which they had brought to said October term of said Kane county circuit court, which writ came into the officer's hands October 31, 1896, and was levied by him on the stock already in his possession. Judgments were rendered in all these suits and executions issued. Judgments in all of said suits in the circuit court were rendered at said October term. The officer subsequently sold the goods attached, giving a notice of such sale as sheriff and another as constable, and there was left in his hands for distribution, after paying the costs of sale, the sum of $1290. The court ordered that Dwinell, Wright & Co. should be first paid, then F. E. Royston & Co., then the other creditors in the order of their priority, and lastly appellants. The total amount of the executions having priority of appellants, exclusive of costs, was $1281.73, thus entirely disposing of the fund and leaving appellants nothing. The court also found that the stock of goods seized under these writs had been recovered and levied upon through the diligence of F. E. Royston & Co., and that because thereof they were entitled to the priority and to the full amount of their claim before any creditors whose writs were posterior to theirs in point of time.

From the judgment of the court appellants appealed to the Appellate Court, where the judgment was affirmed, and they have further appealed to this court.

It is urged on behalf of some of the appellees, that as appellants' claim was only for $607.06 the amount in controversy in this suit is less than $1000, and that there-fore this appeal would not lie without a certificate of importance from the Appellate Court. This contention can not be sustained. The petition asked that the whole fund be paid to the clerk of the court and the priorities adjusted by the court. The whole fund amounted to $1290. Appellants admit that Royston & Co. should be paid in full, as having the first lien, and that the question as to priority arises between appellants and the other attaching creditors besides Royston & Co. If their contention were sustained it would result in postponing claims amounting to $714.09 to the appellants' claim of $607.06, and would be an adjudication as to the disposition of the whole fund. In *Longwith* v. *Riggs*, 123 Ill. 258, plaintiff in error only questioned the application of $951.67 out of a fund of $2214.50, and this court held that the decree of the circuit court disposed of the whole fund; that the appeal to the Appellate Court brought before that court for review such decree, and that when the affirmance of the Appellate Court of such decree was brought to this court for review, the amount involved here in controversy was the amount in the trustee's hands subject to disposition under the decree. The circumstances are similar here. It is the disposition of the whole fund in the sheriff's hands that was sought for and ordered by the court.

Appellants contend that they are entitled to share with Royston & Co. in the proceeds of the sale because their judgment was rendered at the same term of the same court as that of Royston & Co., and that the other creditors having attachment judgments out of other courts should be postponed to them. The 37th section of the

Attachment act provides as follows: "All judgments in attachments against the same defendant, returnable at the same term, and all judgments in suits by summons, *capias* or attachment against such defendant, recovered at that term or at the term when the judgment in the first attachment upon which judgment shall be recovered is rendered, shall share *pro rata*, according to the amount of the several judgments, in the proceeds of the property attached, either in the hands of a garnishee or otherwise: *Provided*, when the property is attached while the defend-ant is removing the same or after the same has been re-moved from the county, and the same is overtaken and returned, or while the same is secreted by the defendant or put out of his hands for the purpose of defrauding his creditors, the court may allow the creditor or credit-ors through whose diligence the same shall have been secured, a priority over other attachments or judgment creditors." It will be perceived that the proviso in this section allows the creditor through whose diligence the property has been secured after the same has been put out of the debtor's hands, a priority over other attach-ment or judgment creditors. The circuit court found that it was due to the superior diligence of Royston & Co. that the property was made available to satisfy the creditors, and this finding has been confirmed by the judgment of affirmance of the Appellate Court, and is therefore bind-ing on this court. This being the case, there was no error in allowing Royston & Co. the priority, and having such priority they were not compelled to share with any subsequent creditor.

But did appellants, by subsequently issuing their at-tachment out of the same court in aid of their suit and by obtaining judgment at the same term, acquire any priority over the attachments issued by the justice's courts and the city court, before their own attachment? They claim they did by virtue of this 37th section, but they seem to ignore the proviso altogether. On account

of the finding of superior diligence in Royston & Co. entitling them to a priority, there was no other judgment of the circuit court with which appellants could share, and the operation of the 37th section was, as to them, suspended in this case by the operation of the proviso. There being no other judgment or attachment of the circuit court prior to the other attachment and judgment creditors who had secured liens before appellants, there was nothing to enable appellants to ante-date their lien, as it is only by virtue of the statute that any such a result could be secured. In such case the 51st section of the act on judgments, decrees and executions would apply, which directs that the proceeds of such sale "shall be applied to the discharge of the several judgments in the order in which the respective writs of attachment or executions become a lien or are entitled by law to share." (*Hanchett* v. *Ives*, 133 Ill. 332.) In *Paltzer* v. *National Bank of Illinois*, 145 Ill. 177, a prior attachment suit was dismissed without any judgment having been entered thereon, and it was held that a junior attachment creditor thereby · lost the benefit of the lien of the first attachment. In the case at bar the first attachment was entitled to a priority, and therefore there could be no sharing between it and a junior attachment, as the fact of priority must necessarily exclude the idea of any sharing in the proceeds. In other words, the only attachment that could operate to advance appellants' lien ahead of the intermediate attaching creditors, under said section 37, was prevented from having such operation by having been brought within the proviso to said section.

There are some other points made by counsel, but it is not necessary to consider them.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*