E. O. HOPKINS, Receiver,

*v.*

THE PEOPLE *ex rel.* C. O. Chestnut, County Collector.

*Opinion filed October 24, 1898.*

1. TAXES—*board of town auditors cannot levy town taxes.* The power to levy taxes for town purposes rests with the electors for exercise at the annual town meeting, and not with board of town auditors.

2. SAME—*certificate of the town auditors does not authorize extension of town tax.* A certificate by the board of town auditors as to the amount of tax for all town purposes for the ensuing year does not authorize the county clerk to extend the tax.

APPEAL from the County Court of Edgar county; the Hon. E. G. ROSE, Judge, presiding.

STEVENS & HORTON, for appellant.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

An advertisement of an intended application at the June term, 1897, of the county court of Edgar county, for judgments against lands and lots delinquent, etc., was published, and E. O. Hopkins, receiver of the Peoria, Decatur and Evansville Railway Company, appeared and filed objections to three items of tax levied against the property in his charge, in Edgar county, for the year 1896. His objections were sustained to all but the tax extended as a town tax for Embarras township. This appeal involves the validity of that tax.

The property of the railroad company in the town of Embarras was assessed on an equalized valuation at the sum of $22,345, against which valuation a town tax for that township was extended at the rate of sixteen cents on each $100 valuation, making a tax of $35.75. Judgment was sought against the property of appellant as delinquent. The receiver appeared and filed his ob-

jection to entering judgment, for the reason that the sole and only authority the county clerk had for extending the said town tax was a certificate made by the board of town auditors, who made a certificate of tax for $600 for the ensuing year as the entire amount of money required for all town purposes. That certificate was made September 1, 1896, and filed in the office of the county clerk September 5, 1896. This objection was overruled, and judgment was entered against the property of appellant for said town tax, amounting to $35.75, to which appellant objected and excepted.

The only authority the county clerk had for the extension of the tax in question was this certificate of the board of town auditors. That board had no power to levy this tax. (*Peoria, Decatur and Evansville Railway Co.* v. *People,* 141 Ill. 483; *St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 147 id. 9.) The power to levy taxes for town purposes is by section 3 of article 4, chapter 139, of the Revised Statutes, expressly given to the electors at the annual town meeting. No such power is conferred on the board of town auditors and none can be implied. (*Town of Kankakee* v. *Kankakee and Indiana Railroad Co.* 115 Ill. 88; *Williams* v. *Town of Roberts,* 88 id. 11; *Cooper* v. *Town of Delavan,* 61 id. 96.) The power of taxation cannot be exercised unless the authority clearly appears from the law. (*School Directors* v. *Fogleman,* 76 Ill. 189; *Fisher* v. *People,* 84 id. 491; *Comrs. of Highways* v. *Newell,* 80 id. 587.) This certificate did no authorize the extension of this tax, and it was error to overrule the objection.

The judgment of the county court of Edgar county is reversed and the cause is remanded.

*Reversed and remanded.*