THE PEOPLE *ex rel.* J. P. Morey, County Collector,
*v.*
THE ATCHISON, TOPEKA AND SANTA FE RAILWAY CO.

*Opinion filed February 18, 1903.*

1. TAXES—*a statute granting power to tax must be strictly construed.* A statute granting power to a municipal body to levy a tax must be strictly construed, and only such power can be exercised as is granted in unmistakable terms.

2. SAME—*limit of district road tax in counties not under township organization.* Under sections 62 and 64 of the Road and Bridge act of 1887, (Laws of 1887, p. 278,) highway commissioners in counties not under township organization must bring the total of the tax levies for roads and bridges, and for damages for altering or draining roads, provided for in both sections, within the limit of fifty cents on each one hundred dollars valuation, imposed by said section 62 as amended in 1889. (Laws of 1889, p. 233.)

APPEAL from the County Court of Henderson county; the Hon. W. G. CHURCH, Judge, presiding.

This is an application in the county court of Henderson county for judgment and sale of the right of way of the Atchison, Topeka and Santa Fe Railway Company, listed as the property of the Chicago, California and Santa Fe Railway Company, for non-payment of district

taxes of road district No. 7, Henderson county, Illinois, and other lands. Objections to entry of judgment and sale were filed by the Atchison, Topeka and Santa Fe Railway Company. These objections were sustained, and, after overruling a motion for rehearing, the county court refused judgment and order of sale. The present appeal is prosecuted from the judgment, so entered by the county court.

The objections of the appellee company to the entry of judgment against its lands were in substance as follows: The sum of $195.47 of the total delinquent taxes, amounting to $300.37, is a portion of the tax for road and bridge purposes, and for damages agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching to drain roads, levied by the commissioners of highways of road district No. 7, being forty cents on each $100.00 valuation of property of objector situated in said district; that the said commissioners of highways levied upon the property of objector in said road district a tax of fifty cents on each $100.00 valuation, which tax has been fully paid; and that said commissioners of highways, in addition to said tax of fifty cents on each $100.00 valuation, attempted to levy upon objector's property an additional tax of forty cents on each $100.00 valuation of objector's property without authority of law; and objector objects to the entering of the said property upon the delinquent list, and to the entry of any order of judgment and sale against it, or any part thereof, for the alleged delinquent taxes for the year 1901, for the following reasons: First, that the total road and bridge tax, including the tax to pay damages which have been agreed upon, allowed or awarded for laying out, widening, altering or vacating, or for ditching to drain, roads in said road district No. 7, extended against objector's property, is at the rate of ninety cents on each $100.00 of the valuation of said property, while the tax which can be legally extended for such purposes

is limited by law to fifty cents on each $100.00 valuation
of said property, making said levy excessive by forty
cents on each $100.00 valuation, or $195.47 on $48,867.00,
the amount of the assessed valuation of objector's prop-
erty in said road district No. 7 for the year 1901; second,
that said tax of $195.47 is illegal and void.

A certificate of levy for the year 1901 of road district
No. 7 of Henderson county was made out by the district
clerk of that district, certifying that the commissioners
of highways for said district did, on September 10, 1901,
file in his office a certificate, duly signed by them and
dated the second Tuesday in September, A. D. 189.., in
which they require the rate of fifty cents on each $100.00
of the property of said road district for road and bridge
purposes, and for the payment of any outstanding orders
drawn on them by their treasurer; also the rate of forty
cents on each $100.00 to liquidate road and ditch dam-
ages, which rate they ask to be extended against the
taxable property of road district No. 7 in said county for
the year 1901. The certificate of levy is dated Septem-
ber 12, 1901, and signed by W. E. Drain, district clerk.

H. J. HAMLIN, Attorney General, and J. W. GORDON,
State's Attorney, for appellant.

ROBERT DUNLAP, LEE F. ENGLISH, and RAUS COOPER,
for appellee.

Mr. CHIEF JUSTICE MAGRUDER delivered the opinion
of the court:

The only question involved in this case, as is con-
ceded by both sides, relates to the proper construction
of sections 62 and 64 of the act, approved May 4, 1887,
to provide for the organization of road districts, etc., in
counties not under township organization. The highway
commissioners of road district No. 7 made a levy of fifty
cents on each $100.00 of the property of the road district
for "road and bridge purposes and for the payment of

any outstanding orders drawn on them by their treasurer;" and also the rate of forty cents on each $100.00 "to liquidate road and ditch damages." The fifty cents levy was under said section 62, and the forty cents levy was made under section 64. The railroad company paid the taxes under the fifty cents levy, but refused to pay the taxes under the forty cents levy, the latter amounting to $195.47. The objections of appellee state that the sum of $195.47 is a portion of the taxes for road and bridge purposes, and for damages agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching to drain roads. The position of appellee is, that the total road and bridge tax, including the taxes to pay damages, has thus been levied at the rate of ninety cents on each $100.00 valuation, while the tax, which can be legally extended for such purpose, is limited by law to fifty cents on each $100.00 valuation, thereby making said levy excessive by forty cents on each $100.00 valuation. We are of the opinion that the objection, made by the appellee to the entry of judgment and sale, was properly sustained by the county court.

Section 62 above referred to is as follows: "At the meeting to be held in September, the commissioners shall determine what per cent shall be levied on the property of the district for roads and bridges, which levy shall not exceed fifty cents on each $100.00: *Provided,* that the county board shall make the first levy provided for by this act."

Section 64 is as follows: "When damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching to drain roads, the amounts of such damages shall be included in the first succeeding tax levy, provided for in section 62 of this act; and when collected shall constitute and be held by the treasurer of the commissioners as a separate fund to be paid out to the parties entitled to receive the same." (3 Starr & Curt. Ann. Stat.—2d ed.—p. 3616).

Section 62 limited the per cent to be levied on the property of the district for roads and bridges to fifty cents on each $100.00; section 64 provided that damages to be agreed upon, allowed or awarded for laying out, widening, altering or vacating roads, or for ditching to drain roads, should be included in the levy prescribed in section 62, which was not to exceed fifty cents. The evident meaning of these two sections is, that the commissioners shall bring the total of the two levies, one for roads and bridges, and the other for damages, within the limit, provided for in section 62, that is, fifty cents on each $100.00.    To our minds the language is clear and unmistakable that the limit of both taxes was to be that which is provided in section 62. What the commissioners of highways actually did, however, was to make a levy of ninety cents, that is to say, one levy of fifty cents for roads and bridges, and another levy of forty cents for damages.    The latter was clearly invalid.

Where a statute is plain and unambiguous, there is no need of construction. (*Paltzer* v. *National Bank of Illinois*, 145 Ill. 177).    A statute, which grants power to a municipal authority to levy a tax, must be construed strictly, and only such power can be exercised as is granted in clear and unmistakable terms.    In determining the extent, to which the power to levy a tax can be exercised when conferred, the rule of strict construction must necessarily be followed.    (*Town of Drummer* v. *Cox*, 165 Ill. 651).    The power of taxation cannot be exercised, unless the authority clearly appears from the law. (*Hopkins* v. *People*, 174 Ill. 416).    If these rules of construction be applied to the interpretation of sections 62 and 64 above quoted, their language can have no other meaning than that which has been already indicated.

The fact, that sections 13 and 15 of the act of 1883 in regard to roads and bridges in counties under township organization provide that the levy for damages was to be in addition to the levy for road and bridge purposes,

201—24

can have no bearing as interpreting sections 62 and 64 in the act in regard to roads and bridges in counties not under township organization. The condition of counties not under township organization is different from that of counties under township organization. It must be presumed, therefore, that the difference in the limit of taxation for road and bridge purposes, as applied to counties of the respective classes, was intentional on the part of the legislature. The act in regard to roads and bridges in counties under township organization was passed in 1883, while that in relation to roads and bridges in counties not under township organization was passed in 1887. Therefore, when the legislature passed the act of 1887, it had the act of 1883 before it, and, inasmuch as it left out in the act of 1887 words in the act of 1883, which indicated that the levy for damages was to be in addition to, and not included in, the levy for roads and bridges, the conclusion is inevitable that it was intended to make the two acts different in the respect thus pointed out.

When the act of 1887 was originally passed, section 62 contained the words "one hundred cents on each $100.00;" but the act of 1887 was amended in 1889 by substituting the word, "fifty" for the words, "one hundred." As the act of 1887 originally stood, it could not be claimed that the amount to be raised under section 64 for road damages was not to be included within the limit of one hundred cents on the $100.00, as fixed by section 62. It would appear from this amendment, that one hundred cents on $100.00 was regarded by the legislature as too large a tax, and, therefore, it was reduced in 1889 to fifty cents on $100.00. No change, however, was made in section 64, but it was left to read as it now reads, that is to say, providing that "the amounts of such damages shall be included in the first succeeding tax levy, provided for in section 62 of this act."

The judgment of the county court is affirmed.

*Judgment affirmed.*